CASE 47—EQUITY—FEBRUARY 1, 1881.

# Wooldridge v. Jacob's guardian.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The act of 1878, directing that before land is sold it shall be valued, and if it sell for less than two thirds of its value, shall be liable to redemption, has no application to a sale of land made by judgment of a court upon the petition of a guardian under article 3, chapter 63, General Statutes.
2. There is no redemption in such cases.

Wooldridge v. Jacob's guardian.

BYRON BACON FOR APPELLANT.

1. The court below erred in adjudging the purchaser's response insuffi-
cient.
2. An infant should have the privilege of redemption, inasmuch as he
cannot control the sale of his land.

SIMRALL & BODLEY FOR APPELLEE.

1. The act of 1878 does not apply to this case. The only object of that
act is to protect a judgment debtor against the sacrifice of his land
at execution sale.
2. The sale is not void, even if the act does apply to the case. (Watson.
v. Violett, 2 Duv., 333.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

Although the language of the act of April 9, 1878 (Acts.
1878, page 122), is, that before *any* real estate shall be sold
under an order or judgment of a court, it shall be valued,
and if it does not sell for two thirds of such valuation, the
defendant or his representatives may redeem it, it was not
intended to apply to a case like this, in which the real estate
of a ward is sold on the petition of the guardian under article
3, chapter 63, General Statutes.

Real estate sold under execution was required to be valued,
and the defendant had the right to redeem within twelve
months, unless it should sell for two thirds of such valuation;
but no such right had previously been given to a debtor
whose property was sold by commissioner under judgment
directing the sale. Without such a law, the real estate of
debtors was often sacrificed at judicial sales, and to prevent
such sacrifice by allowing the debtor to redeem, and thus to
place all coercive sales of real estate for the satisfaction of
debts upon the same footing, was the sole object the legis--
lature sought to accomplish by the act under consideration.
This is evident from the character of the act and the history
of the time when it was passed, and is rendered entirely
clear by the fourth section, which, referring to the sales;

mentioned in the preceding sections, declares, that "if the judgment in pursuance of which such sale is made be not satisfied by such sale, the right of redemption herein provided for may be sold in satisfaction of the residue of such judgment."

This shows that the legislature had in mind only such sales as were made under judgments against debtors.

To construe the act in such way as to embrace sales made under judgments rendered at the instance of those interested in the land, or of those authorized by law to act for them, would be most disastrous in cases like this, where the object is to sell at the best possible price for the sole benefit of the owner. The uncertainty whether the accepted bidder would get the property would deter bidders and reduce the price realized without any corresponding benefit to those interested.

Judgment affirmed.