JAMES E. CANTRILL *v.* W. E. PERRY'S ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—446.]

**Appraisement Necessary Before Sale of Land by a Commissioner to Pay Debts.**

Where a commissioner is ordered to make sale of land and the sale is consented to by all the parties, and he sells all the land decribed in the petition without any appraisement first being had, the sale will be set aside at the instance of creditors even if the heirs acquiesce in it. The Act of 1878 (I Acts 1878, Ch. 964) requires an appraisement before sale and allows parties the right to redeem, if the sale does not bring two-thirds of its value as fixed by the appraisement.

APPEAL FROM SCOTT CIRCUIT COURT.

December 8, 1885.

OPINION BY JUDGE HOLT:

The administrator of Wm. E. Perry brought this action against the heirs of the intestate to settle the estate. It consisted of but a small amount of personalty, and about three hundred thirty acres of land. It was shown by a commissioner's report that the indebtedness amounted to something over $3,500, and this mainly consisted of a mortgage debt upon the land created subsequent to 1878, amounting, as reported by the commissioner, to $2,138.66. The record fails to show that any of the indebtedness was created prior to April 9, 1878, when the act was passed authorizing the

redemption of real estate when sold under a decree in case it should not bring two-thirds of its appraised value, save a debt of A. Perry of $99.35 and of Adam's executor of $13.45. Subsequent to the filing of the report a consent judgment was entered confirming it, which provides: "The said commissioner is now ordered to make sale of the lands in the petition named. It further appearing to the court by like consent that the defendant, Edgar Perry, purchased of decedent and was put in possession of seventy acres of said land, it is ordered that said court by the aid of a competent surveyor to be selected by him set off said seventy acres, and then proceed.to sell the residue, or so much thereof as may be necessary to pay said debts and costs and expenses of this proceeding, but to make no sale of said seventy acres unless it may be necessary to pay the debts herein allowed; but if it shall turn out to be necessary to sell said seventy acres either in whole or in part for the purpose of paying the debt against the estate of said decedent, Wm. E. Perry, it shall be done, this by like consent of parties."

It appears, however, that all the land was sold without any appraisement. The appellant, James E. Cantrill, became the purchaser of it at $7 per acre, amounting in all to $2,343.25, or but little more than the mortgaged debt. The administrator and some of the creditors excepted to the rule for alleged inadequacy of price, and want of an appraisement, and upon the alleged ground that the land had not brought two-thirds of its value. The heirs, however, consented to and asked that it be confirmed. The purchaser resisted the effort to set it aside, but the court did so, and he alone has appealed.

It is evident that the land did not bring its value, and the evidence is conflicting as to whether it brought two-thirds of it. It is urged that, as the land was sold under a consent decree, the act above named did not apply, and that no appraisement was required, as it was not a judgment directly against the debtor. It provides, however, "That before any real estate shall be hereafter sold in pursuance of any order or judgment of a court, the commissioner or officer whose duty it may be to sell the same, shall cause it to be valued. * * * The valuation so made shall be in writing, signed by the persons making it and returned by such commissioner or officer to the court which made the order or rendered the

judgment for the sale of the property. * * * If the real estate which may be sold in pursuance of such judgment or order does not bring two-thirds of such valuation, the defendant and his representatives shall have the right to redeem the same within a year from the day of sale. * * * If the judgment in pursuance of which such sale is made be not satisfied by such sale, the right of redemption herein provided for may be sold in satisfaction of the residue of such judgment." I Acts of 1878, ch. 964; *Wooldridge v. Jacob's Gdn.*, 79 Ky. 250. It is urged, also, that the act had no application to the sale of an infant's land at the instance of a guardian; that it only applied to sales made under judgments against debtors, as the last clause above quoted indicates, and that the legislature intended by it to place all coercive sales for debt upon the same footing. The judgment in question was rendered in an action brought to sell the land to pay the debts of the decedent; and the fact that the parties consented to it does not deprive it of its coercive character. The consent cured any errors to that date and avoided the necessity of offering testimony to support the judgment. The damages of a sacrifice of the debtor's property still existed, and the object of the law was to guard against it. By the terms of the act the valuation "shall" be made "before" the sale. They are imperative and not merely directory. There was no improper conduct upon the part of the purchaser in this instance; and mere inadequacy of price, unless it be so great as to impart fraud, will not authorize the court to set aside a sale; but the court is not the vendor and the purchaser merely a preferred bidder; and in this case there is not only an inadequacy of price working an injury to the creditors, but an act was omitted by the officer making the sale which the statute absolutely required should be done before it lawfully could be made.

It is said that this should not be ground for annulling the sale if it appears that the property in fact brought two-thirds of its value. If this were so then it could equally be urged that a judicial sale, not advertised, or otherwise made in violation of the law, should not be set aside because it does not appear that the property would have brought more if it had been legally sold. The valuation of the appraisers prior to the sale is the test fixed by the statute of the right to redeem; and it was not intended that it should be governed by testimony heard after the sale upon the question of its confirma-

tion. It is true that the valuation is for the benefit of the debtor; but he can not waive this right to the injury of creditors. It is manifest that the heirs in this instance are asking the confirmation of the sale because they expect to get a portion of the land from the purchaser at the same inadequate price at which he purchased it. If the right of redemption existed it was a property right of value which could have been sold under execution; and it would be manifestly inequitable and unjust to allow the debtor or the heir of the debtor to waive it in the face of creditors; but this question, although made in argument, does not necessarily arise, because as we have already stated the sale was forbidden by the statute without a valuation.

The creditors whose debts were created prior to April, 1878, are not complaining of the action of the lower court, and in fact at least one of them quieted it by uniting in the exceptions to the sale. It is unnecessary, therefore, to decide whether an appraisement is necessary in a case where land is being sold for the payment of debts, some of which were created prior to April, 1878, and others after; moreover the property in this instance was first liable for the mortgage debt, which was created after the passage of the act of April 9, 1878.

Judgment *affirmed*.

*Owens & Finnell, A. V. Johnson, for appellant.*

*W. S. Darnaby, for appellees.*

[Cited, *Groves v. Long*, 87 Ky. 447, 10 Ky. L. 414, 9 S. W. 297.]