## Lisle's Administrator, et al. v. Lisle, et al.

(Decided March 21, 1919.)

### Appeal from Clark Circuit Court.

1. Judicial Sales—Appraisement—Coercive Sales—Sales for a Division of Proceeds —The statute requiring an appraisement applies to all coercive sales for the payment of debts, but does not apply to sales of land made under section 490, Civil Code, for a division of the proceeds.

2. Partition—Sale of Property—Joint Owners.—Civil Code of Practice, section 490, provides that a vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, though one of them is an infant, if the estate be in possession and the property cannot be divided without materially impairing its value or the value of plaintiff's interest therein. By act of 1916 (Acts 1916, chapter 119, page 707) section 490 was amended so as to authorize a sale, "if the estate shall have passed by devise or descent to the widow and heir or heirs of a decedent, and the widow shall have a life right in a portion thereof, either as a homestead or dower or by devise, and the said property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein." Held, that where land descends to a widow and a single heir, they are joint owners within the meaning of the Code as amended, and a sale thereof on the ground of indivisibility is fully authorized.

3. Judicial Sales—Appraisement.—Where the principal purpose of an action was to obtain a sale of land that descended to a widow and an infant heir on the ground of joint ownership and indivisibility, under section 490, Civil Code, as amended by the Act of 1916, and the court had jurisdiction to order a sale on that ground, the fact that a settlement of the estate of the decedent and the payment of his debts were asked as mere incidents to the main relief sought, did not make the sale coercive in character, so as to require an appraisement of the property.

JOHN A. JUDY for appellants.

PENDLETON & BUSH, BENTON & DAVIS for appellees.

H. T. LISLE, guardian ad litem.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

E. C. Lisle died intestate and a resident of Clark county, in the year 1917. He was survived by his widow, Carrie A. Lisle, and one child, Elizabeth Buckner Lisle. The People's State Bank & Trust Company duly qualified as administrator of the decedent, and as the guardian of the infant, Elizabeth Buckner Lisle. At the time of his death, the decedent owned a farm of abut 300 acres in Clark county and considerable personal property. After applying the personal property to the payment of his debts, there remained unpaid an indebtedness amounting to about $11,000.00.

This suit was brought by the People's State Bank & Trust Company, as administrator of the decedent and as guardian of the infant, Elizabeth Buckner Lisle, and by Carrie A. Lisle, the widow, against Elizabeth Buckner Lisle and certain creditors of the decedent for the sale of the farm. It was alleged that dower had not been assigned to the widow; that the land was in possession of the widow and the infant; that their estate therein was a vested estate; that owing to its shape and frontage on the turnpike, and the location of the improvements thereon, it was not susceptible of division by laying off dower to the widow, including the mansion house and necessary outbuildings, without impairing its value and the value of the widow's and infant's portions thereof. It was further alleged that the land was not susceptible of division after selling off a portion thereof to pay the decedent's debts, without materially impairing its value, or the value of each parcel thereof, and that the widow was

willing that the farm be sold free from her dower right, and that the cash value of her dower be paid to her. The petition concluded with a prayer that the farm be adjudged to be indivisible either by allotting dower to the widow, or by selling off a sufficiency thereof to pay decedent's debts, without materially impairing its value as a whole, or the value of each parcel in any such division; that it be adjudged necessary to sell the farm as a whole, or to offer same both as a whole and in two parcels and accept the best bid; that the defendant creditors be required to set up their claims, and that the estate be fully settled in the action, etc. Proof was taken, as required by law, fully sustaining the allegations of the petition as to the indivisibility of the land between the widow and the infant heir, and the further allegation that the land could not be divided by allotting dower to the widow, and also cutting off an additional parcel to pay the decedent's indebtedness. A guardian *ad litem* was duly appointed for the infant defendant, and he answered saying that, after an examination of the record, he was unable to make any defense. On final hearing, the court adjudged that the land was indivisible between the widow and the heir, and was indivisible for the purpose of cutting off any part thereof for the payment of debts, and ordered the land first sold in two tracts and then as a whole. When offered in two tracts, the first tract brought $265.00 an acre, and the second $140.00 an acre. When offered as a whole, it brought $295.00 per acre. The purchasers, M. C. Clay and J. W. Clay, excepted to the sale on the ground that the land was not appraised. The exception was overruled and the sale confirmed. The purchasers appeal.

The statute requiring an appraisement applies to all coercive sales for the payment of debts, Graves, &c. v. Long, 87 Ky. 441, 9 S. W. 297, but does not apply to sales of land made under section 490, Civil Code, for a division of the proceeds. Wooldridge v. Jacob's Guardian, 79 Ky. 250; Southwick v. Greuzenbach, &c., 13 S. W. 918, 12 Ky. Law Rep. 263. Of course, where the sale is coercive, the mere fact that the parties consent to the sale, or other joint owners come in and request a sale of the land as a whole, does not change its coercive character. Cantrill v. Perry's Admr., 7 Ky. Law Rep. 446; Vivion's Admr., et el. v. Vivion, et al., 50 S. W. 984, 21 Ky. Law Rep. 103. Whether an appraisement was necessary in this case de-

pends on whether the sale was coercive. Prior to the amendment of 1916, we held that a doweress and her only child, who owned the fee subject to her dower, were not joint owners within the meaning of section 490, Civil Code, authorizing a vested estate in real property jointly owned by two or more persons to be sold, if the shares of each owner were worth less than one hundred dollars, or the estate was in possession and the property could not be divided without materially impairing its value, or the value of plaintiff's interest therein. Vanmeter v. Vanmeter, 160 Ky. 163, 169 S. W. 592. To obviate this difficulty, section 490 was amended so as to authorize a sale, "if the estate shall have passed by devise or descent to the widow and heir or heirs of a decedent, and the widow shall have a life right in a portion thereof, either as a homestead or dower or by devise, and the said property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein." Acts 1916, c. 119, p. 707. Here, the property descended to the widow and a single heir; hence the sale thereof on the ground of indivisibility was fully authorized by the code as amended. The primary purpose of the action was to obtain a sale of the whole farm on the ground of indivisibility and a division of the proceeds, and the proof fully sustains the allegations of the petition.

Since the sale was sought and the chancellor had the jurisdiction to order the sale under section 490 as amended, it seems to us that the fact that the settlement of the estate of the decedent and the payment of his debts were asked as mere incidents to the main relief sought, did not make the sale coercive in character. We therefore conclude that no appraisement was required.

Judgment affirmed.