## Rogers et al. v. Cockrell et al.

May 6, 1941.

Reid Prewitt for appellants.

W. Bridges White and Lewis A. White for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Some of the heirs of Ella Cockrell and a creditor brought this action against the remaining heirs and another creditor to settle the estate of the decedent, and to sell the real property on the ground of its indivisibility. The allegations of the petition were such that the cause could have been prosecuted either under Section 428 of the Civil Code of Practice, or Subsection 2 of Section 490 thereof. Intervening petitions were filed by creditors of some of the heirs with the view of subjecting their interests to the claims of the intervening

petitioners. An amended petition was filed in which the names of the joint owners and their respective interests in the estate were set up. A second amended petition was filed in which it was alleged that the heirs were the owners of and in possession of the real property. On the same day that the two amended petitions were filed the parties defendant entered their appearance and filed an agreement to the effect "that said cause be submitted to the court for a judgment and order of sale, and that said property be ordered and adjudged sold by the court on account of its indivisibility, free and clear of all liens and claims and that the proceeds of sale of same be held by the court subject to the liens and claims against the said property as may be determined by future adjudication in this cause." Thereafter judgment was entered in which reference was made to the aforementioned agreement. The judgment recited that the petition as amended showed that the property was indivisible and that the heirs were the owners and in possession thereof, and it was adjudged that it be sold because of its indivisibility. The master commissioner sold the property without having it appraised and before any finding was made as to the debts of the decedent. Exceptions were filed by some of the heirs primarily upon the ground that no appraisal was made. The exceptions were overruled and the report of the commissioner was approved; hence this appeal.

If the sale was a coercive one, the property should have been appraised. Vivion's Adm'r v. Vivion, 50 S. W. 984, 21 Ky. Law Rep. 103; Lisle's Adm'r v. Lisle, 183 Ky. 656, 210 S. W. 496, 497. If, on the other hand, the sale was primarily one under Subsection 2 of Section 490 of the Civil Code of Practice, no appraisal was necessary. Lisle's Adm'r v. Lisle, supra.

We think the Lisle case is in point. Suit was brought in that case by the administrator and the guardian of the decedent's infant children against the widow and certain creditors. It was alleged that it was necessary to sell a part of the property to pay the debts of the decedent and that the widow's dower could not be allotted nor a portion of the farm sold to satisfy the debts without materially impairing the value of the farm. It was adjudged that the land was indivisible and a sale was ordered accordingly. The purchasers excepted to the sale on the ground that there had been no

appraisal. The exceptions were overruled and the purchasers appealed. The opinion is concluded with these words:

> "Since the sale was sought, and the chancellor had the jurisdiction to order the sale under Section 490 as amended, it seems to us that the fact that the settlement of the estate of the decedent and the payment of his debts were asked as mere incidents to the main relief sought did not make the sale coercive in character. We therefore conclude that no appraisement was required."

In the case at bar the filing of the agreement by the parties defendant and the adjudication that the property be sold on the ground of its indivisibility, indicate clearly that after the filing of the petition the action was treated primarily as one to sell the property on the ground of its indivisibility. Therefore, the sale was not a coercive one.

The appellants stress the case of Hambrick v. Smith, 231 Ky. 423, 21 S. W. (2d) 658. The primary question there was different from that in the case at bar. In that case suit was brought by two heirs of the decedent within six months after the qualification of the administrator. It was decided that the personal representative is a necessary party plaintiff where the action to settle the estate is brought within six months after the qualification of the personal representative, and that since the personal representative of the decedent was not a party plaintiff the lower court properly sustained a special demurrer to the petition and the amended petition.

Wherefore, it is our conclusion, for the reasons set out above, that the judgment should be and it is affirmed.