## McCool v. O'Brien.

March 6, 1942.

S. S. Willis for appellant.

John M. Theobald for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On November 14, 1936, the appellant, George C. McCool, acquired an oil and gas lease covering approximately 5,000 acres of land in Carter ·County, known as the Bennett land. Needing capital to develop the lease, he assigned an approximate one-half undivided interest therein to William O'Brien on Aug. 10, 1939, and they agreed to develop it as partners. For the purpose of this opinion, it is not necessary to discuss the details of the partnership agreement or the causes of the disagreement which arose between the partners.

On Oct. 4, 1940, O'Brien instituted this action against McCool, alleging that they were joint owners of the lease and had operated it as partners; that the lease could not be divided without materially impairing its value; that McCool was unable to bear his part of the expenses of developing the lease, was individually indebted to the plaintiff in the sum of $3,336.44, and that the partnership was indebted to plaintiff in the sum of $10,621.43; that McCool had not conducted himself properly, and that the partners had quarrelled and could not operate the lease successfully. It was further alleged that the sole asset of the firm consisted of the leasehold and equipment, and the prayer was that the partnership be dissolved, that the leasehold be sold, the proceeds first applied to the firm's indebtedness, and the balance divided equally between the partners, and that personal judgment be rendered against the defendant for $3,336.44. An amended petition set up an additional indebtedness of $1,383.98 allegedly due plaintiff by defendant, of which $500 was secured by a mortgage on defendant's one-half undivided interest in the lease.

McCool made his answer a counterclaim and after traversing the allegations of the petition affirmatively pleaded that O'Brien had not properly accounted for the

receipts from the lease; that he was indebted to defendant in the sum of $6,071.65 and that by breaching his contract he had damaged defendant in the sum of $50,000. Defendant prayed ''that said partnership be fully settled and that he be given judgment for the sums due him on the said accounting and for $50,000 in damages.'' Appropriate pleadings completed the issues and the chancellor on his own motion referred the cause to the master commissioner for settlement of the partnership.

Exceptions filed by both parties to the master's report were overruled and judgment was entered in conformity therewith. After adjudging the balance due plaintiff upon the settlement of the partnership accounts, it was decreed that the partners were joint owners of the lease which could not be divided without materially impairing its value, and that the lease ''be sold to pay debts of said partnership and for division of the proceeds of the remainder, if any, of the purchase price between plaintiff and defendant.'' The lease and equipment were appraised at $12,500 and at the decretal sale O. B. O'Brien became the purchaser for $8,000. No exceptions were filed to the report of sale and the order of confirmation directed that a deed be made to the purchaser.

At a subsequent day in the same term at which the order of confirmation was entered, defendant filed a motion to set aside that order because no bond had been executed by the purchaser and because the property did not bring two-thirds of its appraised value. From the order overruling this motion defendant prosecutes this appeal and the case is before us, not on its merits, but on a partial transcript of the record, and there are but two contentions raised: 1. It was a coercive sale for the payment of debt, and as the property did not bring two-thirds of its appraised value, defendant had the right to redeem it within a year from the day of the sale under Section 2364, Kentucky Statutes, and the Court erred in ordering an absolute deed made to the purchaser; 2. The purchaser did not execute bond to secure the purchase price as required by the order of sale.

If this was a coercive sale for the payment of debt, it was necessary to appraise the property as provided by Section 2362, Kentucky Statutes; and if it did not bring two-thirds of its appraised value, the judgment debtor and his representative had the right to redeem it within.

one year from the day of sale as is provided by Section 2364. Vivion's Adm'r v. Vivion, 50 S. W. 984; 21 Ky. Law Rep. 103; Lisle's Adm'r v. Lisle, 183 Ky. 656, 210 S. W. 496; Rogers v. Cockrell, 286 Ky. 371, 151 S. W. (2d) 54. But if the sale was primarily to sell indivisible property under Section 490, Subsection 2, of the Civil Code of Practice, and for the settlement of the partnership, no appraisement was necessary and defendant had no equity of redemption in the property. Lisle's Adm'r v. Lisle, supra; Clark v. Satterfield's Adm'r, 233 Ky. 600, 26 S. W. (2d) 516.

The Lisle action was brought under Subsection 2 of Section 490 of the Code to sell indivisible real estate for a division of the proceeds and it was alleged there was indebtedness against the property which had to be satisfied out of the proceeds of the sale. By exceptions the purchaser raised the objection that there had been no appraisal made of the land, and the court held the sale was not a coercive one for debt. The Clark case was likewise brought under Section 490, Subsection 2, and it was there held the fact that additional, incidental and collateral relief was sought did not alter the rule of practice applicable to actions brought solely under that section.

It was written in Outram v. Hudson, 218 Ky. 15, 290 S. W. 1031, that one joint owner of a mineral lease which had been developed under a partnership agreement could not effect a dissolution of the partnership by a sale of the lease under Section 490, Subsection 2, and that it was necessary that grounds for the dissolution of the partnership be made to appear. There could have been no settlement of the partnership without a sale of the leasehold which constituted the sole asset of the firm. And under the Outram case neither party could have maintained this action under Section 490, Subsection 2, unless there appeared grounds for dissolution of the partnership. Therefore it cannot be doubted that the instant action was primarily to settle the partnership. The fact that the petition asked the incidental relief of payment of partnership debts from the proceeds of the sale of this jointly owned and indivisible property did not make the sale of the lease a coercive one for debt.

As the purpose of this action was not to sell the property to satisfy debt, it was unnecessary to appraise it under Section 2362, Kentucky Statutes, and it follows

there was no right of redemption in the defendant under Section 2364. All the cases relied upon by the defendant as giving him the right of redemption are instances of coercive sales for debt. It has been uniformly held in this jurisdiction from Wooldridge v. Jacob's Guardian, 79 Ky. 250, to Rogers v. Cockrell, 286 Ky. 371, 151 S. W. (2d) 54, that Sections 2362 and 2364, Kentucky Statutes, apply only to such coercive sales.

As the property did not bring a sufficient sum to pay the partnership debts, the defendant has no interest in the proceeds of the sale. Hence, he is not in position to complain that bond was not required of the purchaser. Before a party may have a controversy judicially determined it is necessary for him to have an interest in the subject matter of the controversy. Miles v. Lee, 284 Ky. 39, 143 S. W. (2d) 843.

The judgment is affirmed.