## HOLLON v. ROSE et al.

Court of Appeals of Kentucky.

Jan. 29, 1954.

As Modified on Denial of Rehearing
June 25, 1954.

F. T. Allen, E. C. Roberts, Campton, H. L. Rudd, Mt. Sterling, for appellant.

J. Douglas Graham, Campton, for appellees.

WADDILL, Commissioner.

R. L. Hollon appeals from a judgment for the sale of two tracts of land and for division of the proceeds thereof pursuant to section 490 of Carroll's Civil Code of Practice (Now KRS 389.020).

Alice Hollon, wife of appellant, died intestate in 1928, survived by her husband and three children. At the time of her death, Alice Hollon was the owner of a one-half undivided interest in the land in controversy. R. L. Hollon owned the other one-half interest. Two of the children of

Alice and R. L. Hollon are now dead, and the appellees are appellant's surviving child and appellant's grandchildren or their assignees.

As a ground for reversal, appellant asserts that he obtained title to the whole of the land by virtue of his payment, after his wife's death, of two notes on which he and his wife were jointly obligated, which notes were secured by two mortgages on the real estate in question. Although a payment of this sort on the part of appellant may have entitled him to be subrogated in equity to the rights of the mortgagee, in the absence of foreclosure of the lien it would not operate to vest the fee simple title in appellant as he claims. Such a lien, if proven, would not constitute grounds for setting aside the sale, but might be set forth as a lien on the proceeds from the sale of the real estate before distribution.

Appellant also urges that the judgment be reversed because of an alleged violation of KRS 426.520, concerning appraisal of real property before a judicial sale. In particular he claims that the appraisers were not properly appointed and that the two tracts of land were appraised as a unit and not separately. However, it is not shown that anyone was prejudiced thereby, and since KRS 426.520 is not applicable to sales of real property pursuant to KRS 389.020, there is no merit in this contention. Rogers v. Cockrell, 286 Ky. 371, 151 S.W.2d 54.

Appellant argues that it was reversible error for the court to permit Taylor Graham to be made a party to the action as an assignee after he had purchased the interest of one of the appellees. This was properly allowed under the provisions of Section 20 of Carroll's Civil Code of Practice. English v. Carter, 300 Ky. 580, 189 S.W.2d 839.

Appellant's next contention is that the court erred in overruling his special demurrer to the appellees' petition on the ground that there was an identical suit

pending between the same parties for the same cause, which suit had been filed in the same court in 1934. Appellant also contends that the court erred in sustaining a demurrer to his plea of res judicata for the same reason. It appears that the court sustained appellees' motion to dismiss this former action and as there had been no judgment in the first suit it could not operate as res judicata. As this Court said in Citizens' Nat. Bank of Danville v. Forman's Assignee, 111 Ky. 206, 63 S.W. 454, 455, 757, 56 L.R.A. 673:

> "'* * * the objection of a former suit pending is removed by its dismissal or discontinuance, even after plea in abatement in the second suit. * * *'"

To the same effect is Upton v. Whitley County, by Peace, Ky., 256 S.W.2d 3.

Judgment affirmed.