CASE 70—PETITION EQUITY—MARCH 30.

# Vanmeter v. Vanmeter's Assignee.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. JUDICIAL SALES—SETTING ASIDE SALE.—Where the statute regulating the manner of conducting judicial sales has been disregarded in making a sale, and the debtor has been prejudiced thereby, it is the duty of the court, upon exceptions filed to the commissioner's report, to set aside the sale, although made in strict conformity to the judgment, as the court, notwithstanding the judgment, has complete control over the mere manner of conducting the sale until the report of sale has been confirmed.

2. SAME.—It was error to sell a large body of land as a whole without first offering it in parcels, and this irregularity, connected with the inade-

Vanmeter v. Vanmeter's Assignee.

quacy of price, was sufficient to entitle the debtor to have the sale set
aside upon exceptions to the report, although the commissioner followed
·the judgment of the court in making the sale. And the fact that the
sale was conducted under the supervision of counsel on each side is not
sufficient to estop the debtor.

3. RIGHTS OF PURCHASER AS TO COSTS.—Where the purchaser resists an
effort to set aside the sale, and is unsuccessful, he should pay the costs
incurred upon the trial of the exceptions as any other litigant. If
he does not resist the effort to set aside the ·sale, he should be allowed
his ordinary costs incurred as a bidder.

The. court in this case properly refused to allow the purchaser an
·attorney's fee as part of his costs incurred upon the trial of the ex-
ceptions.

4. OVERRULED CASE.—The case of Egard v. Chearnly (1 Bush, 12) over-
ruled.


WM. LINDSAY FOR APPELLANT.

1. The court should have ordered a sale of only so much of the land as
might be necessary to pay the debts. ·(Civil Code, section 694.)
    The presumption is conclusive that a farm of 462 acres can be divided
without materially impairing its value, and the court should have acted
upon that presumption. (McFarland v. Garrett, 10 Ky. Law Rep., 91;
, Sears v. Henry, 13 Bush, 415.)

2. The judgment was erroneous in failing to fix the indebtedness to be paid.
(Civil Code, section 696.)

3. Patent errors in the judgment should be considered upon the motion to
confirm the sale where it is demonstrated that they operated to prevent
the sale from realizing the fair value of the property sold. (Scott v.
Estill, 7 Ky. Law Rep., 222; Bean v. Hoffendorfer, 84 Ky., 696; Stump
v. Martin, 9 Bush, 289; Harris v. Grinnell, 10 Ky. Law Rep., 420.)


BRECKINRIDGE & SHELBY FOR APPELLEE, JAMES.

1. Such sales will not be disturbed for mere inadequacy of price unless
there has been such a sacrifice of property as to import fraud. (Stump
v. Martin, 9 Bush, 289; Harris v. Gunnell, 10 Ky. Law Rep., 420;
Calvert v. Alexander, 10 Ky. Law Rep., 119.)

.2. This sale was not technically one " for the payment of debt " within the
meaning of section 694 of the Code, and, therefore, that section does not
apply.

·3. As this is only a partial transcript, it will be presumed that the court
satisfied itself, in some of the modes pointed out, of the indivisibility
of the tract.

·4. Where the·sale was conducted " pursuant to the judgment," it must stand
in the absence ·of fraud, accident, surprise, unfair dealing or improper

conduct of some sort. (Stump v. Martin, 9 Bush, 289; Yocum v. Foreman, 14 Bush, 494; Baker v. Baker, 10 Ky. Law Rep., 432.) And it can make no difference as to this that the objectionable feature of the judgment was called to the attention of the court before the confirmation of the sale.

5. Appellant is estopped to say there was error in the judgment. He made no objection to its form; he was represented by his attorney in its preparation; he assisted in the advertising; and was present at the sale and active in his efforts to induce persons to bid.

6. The court should have allowed the appellee James, the purchaser, an attorney's fee as part of his costs upon the trial of the question of confirmation, whether the sale should have been confirmed or not. (Egard v. Chearnly, 1 Bush, 12.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appeal is prosecuted in this case from the original judgment and from the order overruling the exceptions to the commissioner's report and confirming it. The reversal of the original judgment can in nowise benefit the appellant unless the order of confirmation is also reversed, and it is, therefore, only necessary to consider that branch of the case. The assignment evidently contemplated that some of the proceeds of the estate assigned, or a part of the estate itself, would in all probability be restored by the assignee to the assignor, but, whether so or not, the petition filed asked for a sale of the land or so much as might be necessary to pay the debts of the appellant. The appellant and his wife both answer and consent to a sale of so much of the land as would pay the debts. At the time the sale was ordered under the judgment the amount of indebtedness had not been ascertained, and the court below, proceeding on the idea that all the land would have to be sold to pay debts, directed a sale of the entire tract, without directing a sale in parcels, or any division, as required by section

694 of the Code.    It is evident that the land could have been divided, and there was no evidence upon which to base the conclusion that a division was impracticable; therefore, the commissioner should have been directed to offer the land first in parcels, and then as a whole, with a view of making it bring its full value.    The Chancellor below was satisfied, from the evidence heard on the exceptions, that the land did not bring its value, and in fact a bid was offered on the motion to set aside the sale securing an advanced bid of four thousand dollars.    The land sold was valuable, and the quantity of acres embraced in the entire tract beyond the reach of purchasers who had but small means to invest, and that, perhaps, accounts for the land not bringing its full value.

The question presented is:    Can the debtor or the assignee for creditors disturb the purchaser when there is no such inadequacy in the price as would authorize the Chancellor to reject the bid?    There is no such inadequacy in this case, and if the report of sale had been confirmed without objection, the rights of the purchaser could not be affected by a reversal of the judgment.    It is plain that if the court had directed the commissioner to make the sale, first dividing the land into parcels, and the latter had failed to follow the judgment, that the sale, upon exceptions filed, would have been set aside; and when the attention of the court, where there has been such a sale in plain disregard of the statute for the protection of the debtor, is called to the action of the commissioner, although in obedience to the judgment, ought not the sale to be set aside and the error corrected by the court rendering the judgment?    The terms and the

manner of the sale being regulated by statute, the court should correct the error before confirmation, if objections are interposed and an injury results to the debtor. It is not an erroneous judgment merely, over which the court has no control, but an error as to the manner of sale that the court has control over until after confirmation. This view is not in conflict with the rule laid down in Stump v. Martin, 9 Bush, 285, where it is held that a mere inadequacy of price is not sufficient to set aside a sale, or the offer of an increased price, when made in resisting the confirmation. There may be such an irregularity in the proceedings connected with the inadequacy of price, as will require the Chancellor to interpose; and while he can not, at his mere will, set aside a sale, although he may believe that his decision is wrong on the merits, yet when the manner of sale is irregular, although authorized by the Chancellor, it being a matter over which he has complete control, notwithstanding the judgment, if the rights of the debtor are prejudiced by it, he should see that justice is done him. The Code, requiring a division of the land when it can be made so as to prevent the sacrifice complained of in this case, not being followed by the commissioner or by the court, is such an irregularity, connected with the inadequacy of price, as will require the sale to be disregarded. The sale in such a case is not void, but, being within the control of the Chancellor, his power over it is unquestioned, as much so as in a case where the sheriff had offered the entire tract to satisfy an ordinary execution, on motion the court would quash the sale.

An attempt by the debtor to show in exceptions that

no judgment should have been rendered against him on the merits is no ground for invalidating the sale. Such an exception is altogether different from that which is in the nature of a ministerial act, or affects the mere manner of conducting the sale, although directed by the Chancellor. The purchaser has notice of the irregularity when the exceptions are filed, and, therefore, can not complain.

While it is apparent that these proceedings were conducted under the supervision of counsel on each side, we do not feel authorized to say that it works an estoppel on the debtor.

The judgment is therefore reversed and the cause remanded, with directions to set aside the sale and order a resale, requiring a division of the tract, so as it may be advertised and offered first in parcels and then as a whole, and for proceedings consistent with this opinion.

On the cross-appeal of the purchaser, it is insisted that the court below erred in refusing to allow him an attorney's fee as part of the costs on the trial of the exceptions below, and the case of Egard v. Chearnly, 1 Bush, 12, is relied on to support such an allowance. That case is a much stronger case for the purchaser than the one before us, but on an examination of the statutes we find no authority conferring such power on the Chancellor, and the practice has been for years on this bench to treat the purchaser as one of the parties litigant where he resists, as he has the right to do, the setting aside the sale. The motion is made by the owner of the land to set aside the sale upon sufficient grounds when shown to exist. The purchaser resists the motion, and the contest

is then between him and the owner as to the right of the latter to have the bid rejected. If causes exist why the sale should be set aside, the purchaser should be treated as if the vendor in an executory contract seeks a rescission as against the vendee for equitable reasons. The party unsuccessful should pay the costs. It will not do under our rules of procedure in equity in regard to decretal sales to invite the purchaser to resist any effort to set the sale aside, upon the idea that he will incur no cost or expense in the litigation. He should be treated fairly and allowed his ordinary costs, incurred as a bidder, where there is no contest made; but when he asks the confirmation or opposes the motion to set aside the sale, there is no reason why he should not be required, like any other litigant, to pay the costs if unsuccessful. The exceptions are filed to the report of sale. He knows the grounds relied on and makes the contest at his peril.

As this was a case to settle an assignment for the benefit of creditors, and the assignee favored the confirmation of the sale, the costs in this court should be apportioned equally between the purchaser and the appellant.

The rule in Egard v. Chearnly is overruled.