### Green v. Thomson, et al.

(Decided January 21, 1916.)

## Appeal from Montgomery Circuit Court.

Judicial Sales—Sale of Land Under Section 490 Civil Code—Appraisement.—Land sold under section 490 of the Code upon the ground of indivisibility, need not be appraised; and a provision in the judgment of sale directing an appraisement, which was made, did not affect the purchaser's title.

LEWIS APPERSON for appellant.

HENRY R. PREWITT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

At a sale of the appellees' eight acres of land under subsection 2 of section 490 of the Code, the appellant, Kellar Green, became the purchaser at the price of $2,750.00.

Proof was taken showing the indivisibility of the land and a judgment was entered directing an appraisement and sale of the land.

It was regularly appraised by two disinterested housekeepers of the county at $2,400.00, and their appraisement was returned with and as a part of the report of sale.

Green, the purchaser, excepted to the sale upon the ground that the judgment erroneously required an appraisement of the land sold; and the chancellor having overruled his exception, he appeals solely upon that ground.

It is argued that this being a judicial and not a coerced sale, no appraisement was necessary, and that the provision in the judgment requiring the appraisement constitutes a reversible error.

While it may be freely admitted that the appraisement was unnecessary, it does not follow that the re-

quirement of the judgment upon that question was a reversible error.

Section 2362 of the Kentucky Statutes provides that before any real estate shall be sold under an order or judgment of the court, other than an execution, the commissioner or officer whose duty it may be to sell the land, shall cause it to be valued, under oath, by two disinterested, intelligent housekeepers of the county, not related to either party.

And, by section 2364, if the land sold under the judgment does not bring two-thirds of its appraised valuation, the defendant and his representatives have the right to redeem it within a year by paying the purchaser or his representatives the original purchase money and ten per centum interest thereon. But, if the land sells for more than two-thirds of its appraised valuation, there is no right of redemption and the purchaser takes the title free of that right. The statute was strictly complied with. It applies, however, only to sales of land for debt; it has no application to sales made solely for a partition of the proceeds among heirs or devisees. Vivian v. Vivian, 21 Ky. L. R., 102, 50 S. W., 984.

And, it has been expressly decided by this court that an appraisement of the land is not necessary in an action to have it sold on account of its indivisibility. Southwick v. Greuzenbach, 12 Ky. L. R., 263, 13 S. W., 918.

Furthermore, since the land in this case sold for more than two-thirds of its appraised valuation, there is no right of redemption, and the appellant took the land free of that right under his purchase; and the fact that the court unnecessarily directed an appraisement of the land, and the commissioner unnecessarily had it appraised, can in no way affect the appellant's title.

Under any view of the case he has not been prejudiced by these acts of the court and the commissioner.

Judgment affirmed.