# Moore v. Waltman's Adm'x et al.

### Nov. 11, 1941.

Alexander & Reed for appellant.

Albert Karnes for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In approaching our discussion and decision of the questions presented upon this appeal, we deem it not amiss, as making for a clearer understanding of them, to first state the factual background out of which this litigation arose and next the pleadings and proof and the issues joined thereon, which upon submission to the court were determined adversely to the appellant's contention.

Appellant has appealed, challenging the propriety of the chancellor's ruling that the commissioner's deed,

executed the appellee as purchaser of the property at its foreclosure sale, was a valid one and that the appellant, having failed to redeem the property within a year after its sale, was without right to have a reconveyance made him of the property upon his tendered payment to appellee of the judgment debt, penalties, etc., due thereon.

The factual background of this litigation, as disclosed by the record, is that in 1929 the appellant, Ernest Moore, purchased at the price of $1,000 three lots, described as lots Nos. 12, 13 and 14, in the C. I. Alcock subdivision near Lone Oak, a small town some two or more miles from Paducah, Ky.

Following his purchase, he rearranged and subdivided the three purchased lots into four lots, described as lots Nos. 1, 2, 3 and 4, fronting on another street. Of these four lots, appellant sold lot No. 2 and built a home on lot No. 1 at an alleged cost of some $1,800, exclusive of its building cost, and retained lots Nos. 3 and 4.

Following this, in 1932, appellant being indebted to Mr. C. B. Waltman in the amount of some $500, to secure the payment of that debt, he executed him a mortgage on the improved lot No. 1 and lots Nos. 3 and 4, the mortgage expressly excepting the intervening lot No. 2, which he had previously sold.

In 1936 Mr. Waltman died, when his widow was appointed and duly qualified as administratrix of his estate. Among its assets coming into her hands as administratrix was found this mortgage note owing it by the appellant, Ernest Moore.

It appears admitted that appellant had defaulted in the payment of some four years' accrued interest owing on the note and also had permitted some two or more years' taxes on the property to become delinquent.

Such being the condition of the debt, Mrs. Waltman on March 3, 1937, filed suit as administratrix of the estate to enforce collection of her mortgage debt, then amounting to something over $500, with interest thereon from October 25, 1935. Certain further payments thereon having been made her, they were set out by an amended petition filed in June, 1937, following which, in November, 1937, judgment for the then amount of the debt of $424.24, with interest, was rendered and an order

of sale entered, directing that the three lots, or the whole of the property embraced in the mortgage (which was appraised at the price of $1,000), be advertised and sold en masse on December 13, 1937.

However, on December 10, or just prior to such advertised sale date, an agreement was entered into between the parties, pursuant to which it was agreed that the sale was to be postponed in consideration of the appellant's paying all the costs of the suit to date, amounting to some $64, also appellee's attorney's fee of some thirty-odd dollars and the appellant's further promise to make regular monthly payments in amounts ranging from $30 to $50 until the full judgment debt was satisfied. Further this agreement filed with the commissioner provided that all advertising of the sale of the property was to be waived.

The appellant having thereafter failed to make the promised monthly payments, satisfying the debt, and the parties having by their agreement of December 10 waived all further advertising of the sale of the property, the same was on March 13, 1939, sold (under the judgment directing its sale rendered in the suit in the November term, 1937) to Mrs. Waltman for her debt, interest and costs of some $424.24, or less than 2/3 of its appraised value of $1,000.

Appellant was informed of the sale, was present and apparently agreed to the commissioner's making sale of the whole property to Mrs. Waltman upon her bid therefor of $424.24, representing her debt, interest and costs, he being at the time advised by appellee's attorney, he states, that such was the best way to handle the matter and that he would be given twelve months from date of sale, under the law, in which to redeem the property.

Appellant did not employ an attorney to represent him in defending this foreclosure suit and he apparently agreed to all the steps taken in the matter and manner of its sale and naturally, having consented, filed no exceptions thereto attacking it for irregularity either upon the ground of the inadequacy of the price paid therefor by appellee or that the order of sale was improper in directing a sale of all the property mortgaged rather than a sale of only a sufficiency of it to pay the judgment debt.

Following the sale, on June 21, 1939, an order was entered in the action striking it from the docket with leave to reinstate it.

Appellant having failed to redeem the property within the year allowed therefor, which ended March 13, 1940, on the following day an order was entered reciting that:

"It appearing that an order has been made striking this case from the docket, it is now ordered that same be reinstated upon the docket. No exceptions having been filed to the master commissioner's report of sale heretofore filed herein, it is ordered that said report of sale be confirmed and ordered to be recorded. Then came the * * * commissioner and presented to the court a deed to Mrs. C. B. Waltman, executed and acknowledged by himself as such commissioner for and on behalf of the grantors named therein to be his act and deed and said deed having been examined, approved and confirmed by the court, was ordered to be certified by the clerk of this court to the clerk of the McCracken county court for record."

The appellee, Mrs. Waltman, having been delivered the deed to the property, she notified appellant of such fact and demanded that he deliver her the possession of it.

It appears that appellant's response to this notice and demand was to have his son and daughter go and interview Mrs. Waltman as to the terms upon which she would reconvey the property to him, telling her that he expected to have the money within a few days with which to pay off her judgment debt, with the interest and penalties amounting to $485.48. He also, at the same time, employed Mr. Middleton, the attorney who was representing the appellee in the action, to go and see her and find out upon what terms she would reconvey him the property.

It appears that Mrs. Waltman, upon being interviewed, advised these parties, as they report, that all she wanted was the money owing her ($485.48) and that appellant could have the property upon his payment to her of that amount. However, after making such statement, she promptly, before such offer was communicated to and accepted by appellant, withdrew it by a letter writ-

ten the appellant as well as by telephoning her attorney to inform appellant of her revocation of the offer.

Following this, the appellant, accompanied by several friends, went out to Mrs. Waltman's home and offered her a certified check in the amount of $485.48 (debt, penalties, etc.), but she refused to accept it or to reconvey him the property, or, in short, refused to have any further dealings with him regarding the matter.

Thereupon, appellant filed his "affidavit and intervening petition" in the action, therein alleging in substance the facts set out supra and also that the later sale of the property on March 13, 1939, under the November, 1937, judgment, without any further or supplemental judgment authorizing the sale and after the commissioner had previously reported the case as having been settled out of court, was for such reason null and void, in that said earlier judgment had been settled as by the commissioner reported. Also it was alleged that said property, while appraised at $1,000, was in fact worth not less than $3,000 and that the defendant, not then knowing that said sale was void, attended the sale and at that time had an understanding with Mrs. Waltman that she would purchase the property and permit him to redeem it, which she agreed and promised to do, and that she thereby became the purchaser of the property for less than two-thirds of its appraised value; further, that appellee, Mrs. Waltman, agreed with the defendant that he might redeem the said property by paying her the amount of $485.48 on or before April 21, 1940, that she held said property in trust for the use and benefit of appellant, and that, in violation of that agreement, she on March 13, 1940, caused the master commissioner to make her a deed to said property; that on April 1, 1940, the defendant learned that Mrs. Waltman had procured a deed thereto, when he thereupon tendered her a certified check for the sum stated ($485.48) and demanded that she surrender said deed or convey said property back to him, all of which she refused to do; further, that he paid to the clerk of the court the said sum; that the property could have been divided and was divided at the time the suit was filed into lots, as stated above, and that a sufficient amount could have been realized to have satisfied the debt by a sale of only a part of said property; and that, by reason of the agreement had with Mrs. Waltman to purchase said property and permit

him to redeem same on or before April 21, 1940, she held said property, if at all, in trust for the use and benefit of this defendant, which trust was violated by causing a deed to be made her.

Therefore he prayed that the said deed be set aside and that he be permitted to redeem the property and that, on account of having paid the clerk the sum stated, Mrs. Waltman be adjudged to have no interest in the property on account of her purported purchase of same and that she, as administratrix of her husband's estate, be adjudged to have no interest therein on account of the mortgage set up in the petition.

Appellee filed answer, joining issue upon the allegations of the cross-petition. The affirmative allegations of the answer were by agreement of parties controverted of record.

The appellant also alleged in his cross-petition that about the last of January or February 1, 1940, and before the expiration, on March 13, 1940, of the one year given him in which to redeem his property, by reason of his being involved in a building contract and realizing that it would be inconvenient for him to raise the money to redeem the property by March 13, 1940, he secured an agreement with Mrs. Waltman that she would extend his time for redemption of the property from March 13 to April 21, 1940, and that said agreement was binding upon her, but that, notwithstanding her making it, she had, in violation of its terms, taken a deed to the property and refused to let him redeem it in April as agreed.

The learned chancellor heard proof upon this issue, when, the cause being submitted upon the pleading and proof, he adjudged that:

"The court having heard the proof orally does now overrule the defendant's motion to set aside the commissioner's deed conveying the * * * property to Mrs. Waltman and does overrule the defendant's motion to be permitted to redeem said property and the court does adjudge that the commissioner's deed, dated March 13, 1940, conveying the * * * property to Mrs. C. B. Waltman is a good and valid deed and does adjudge that by reason of said deed and the proceedings had in this action, the

plaintiff became and is now the owner of the property therein described.''

Appellant challenges the propriety of this ruling upon the following grounds: (1) That appellant's property, mortgaged to secure appellee's debt of less than $500, was worth $3,000, and further that it was divisible, and had been divided before the mortgage was executed, yet same was sold as a whole; (2) that appellee purchased the property at a sale under the foreclosure proceeding with an agreement that appellant might redeem it; (3) that before the twelve months' time allowed by law to redeem the property had expired, appellee agreed to an extension of time in which to redeem it; and (4) that appellee, in fraud of appellant's right, procured a deed immediately upon the expiration of one year from date of sale and violated her agreement to permit appellant to redeem the property and refused to permit him to redeem it, claiming same as her own.

Appellant very insistently argues that the sale was an invalid one, because the court erred in its order of sale, in directing that the whole of the property be sold for the debt, rather than only a sufficiency of it, as provided by Section 694 of the Civil Code of Practice; too, that when such alleged irregularity is taken in connection with the inadequacy of the price received for the property, the same constitutes a proper ground for setting aside the sale.

However, the rule and governing principles as to the proper procedure in ordering and making judicial sales are, as laid down in the case of Guest v. Foster, 159 Ky. 1, 166 S. W. 620, 621, that:

"As directed by the Code, the court, before entering a judgment ordering the sale of land, should be advised in the manner provided by the Code concerning the divisibility or the indivisibility of the land, and after being so advised should direct the land to be sold in such a manner as would be most advantageous to the parties interested in the sale.

"It is not, however, required that the court, before directing a sale of the land as a whole or directing its division, should have before it an agreement of the parties, or affidavits, or the report of commissioners, as the court may from an inspection

of the pleadings determine how the land should be sold. * * *

"Nor is it essential that the petition should expressly aver whether the property is or is not divisible. Sears v. Henry, 13 Bush 413; Cockrill v. Mize, 12 S. W. 1040, 11 Ky. Law Rep. 637; Lucy v. Hopkins, 13 S. W. 518, 11 Ky. Law Rep. 907. If, however, the court should order a sale of the land as a whole, and it appeared on exceptions to the report of sale that the land was susceptible of division and that the owner was prejudiced by the failure of the court to order a division or to order it sold in two or more different parcels, the exceptions to the report of sale should be sustained, if it further appeared that the property was sold at a grossly inadequate price, although the commissioner making the sale may have followed accurately the judgment. It was so decided in Vanmeter v. Vanmeter, 88 Ky. 448, 11 S. W. 80, 289, 10 Ky. Law Rep. 906 * * * [where] the court said:

" 'The terms and the manner of the sale being regulated by statute, the court should correct the error before confirmation, if objections are interposed and an injury results to the debtor. It is not an erroneous judgment merely, over which the court has no control, but an error as to the manner of sale that the court has control over until after confirmation. * * * And while he cannot, at his mere will, set aside a sale, although he may believe that his decision is wrong on the merits, yet when the manner of sale is irregular, although authorized by the chancellor, it being a matter over which he has complete control, notwithstanding the judgment, if the rights of the debtor are prejudiced by it, he should see that justice is done him. * * *,'

"To the same effect are Gleason v. Kentucky Title Co., 78 S. W. 170, 25 Ky. Law Rep. 1546; Underwood v. Cartwright, 47 S. W. 580, 20 Ky. Law Rep. 809. So that upon the authority of these cases it may be regarded as settled that, where the court commits an error to the serious prejudice of the owner in ordering a sale of land as a whole when it should have been sold in parcels or have been divided, the court may cure this error on the hearing of exceptions to the commissioner's report of sale,

by setting aside the sale if the sale was at a grossly inadequate price, although the commissioner, in making the sale, may have followed the terms of the judgment. This practice seems to have been adopted in the Vanmeter and other cases for the purpose of relieving the owner from the hardship occasioned by the error in the judgment, and it would seem that, when exceptions are sustained for this reason, the court should, in ordering another sale, so modify the judgment as to direct the commissioner to divide the land or sell it in parcels, as the conditions seem to require.''

The lots were clearly divisible, because they were at the time the order of sale was made divided, in that lot No. 2, which was excluded from the mortgage, separated appellant's lot No. 1 from his lots Nos. 3 and 4. Notwithstanding this, it appears that the judgment directed the sale of all three lots (appraised at $1,000) by the commissioner for the satisfaction of the mortgage debt of less than $500.

However, under the facts of the case here before us and the appellant's admitted conduct in appearing at the sale and there agreeing to the manner in which it was ordered made and conducted (even though he was not then represented by counsel), he is hardly now in a position to complain of the sale as invalid or irregular, where the irregularity, if such, was waived by his expressly consenting and agreeing thereto; and having so agreed, naturally he filed no exceptions thereto.

The rule above quoted is that irregularities, complained of as made in a judicial sale, resulting to the prejudice of the debtor, are to be brought to the court's attention by exceptions filed to the sale, rather than waiting until after its confirmation to then complain thereof, as is here the case.

Also:

''Whether in a given case a price is grossly inadequate, and whether upon that ground confirmation should be refused, are matters within the judgment and discretion of the tribunal ordering the sale. An appellate tribunal will not reverse that discretion by substituting its own, nor will it otherwise disturb or interfere with its exercise so long as it does not amount to an abuse of discretion.'' Section 129,

page 467, 31 Am. Jur.; Jacobsohn v. Larkey, 3 Cir., 245 F. 538, L. R. A. 1918C, page 1176.

The commissioner's report of sale was in the instant case, no exceptions having been filed thereto, duly confirmed and deed ordered made to appellee. This confirmation and deed made thereon is here attacked, upon the ground that same was irregular and invalid, ignoring the final character of its confirmation.

As said in Section 132, page 469, 31 Am. Jur.:

"An order confirming or refusing to confirm a judicial sale is a final and conclusive judgment, with the same force and effect as any other final adjudication of a court of competent jurisdiction, determining, until set aside, the rights of all parties, and concluding as by a judicial decree all matters involved in the scope of the proceeding, including those which the court might have been called upon to decide had the parties chosen to bring them forward as objections to the confirmation. Such an order is subject to attack only by such methods as are available to set aside other decrees; it is generally held that, after confirmation, matters arising between the time of the decree and of the sale do not afford grounds for collateral attack."

While we are of the opinion that the order of sale here given might appropriately have directed a sale of a sufficiency of the appellant's three lots to satisfy the debt, rather than the whole of his property, as there could have existed no doubt as to its much greater value, as appraised, than the amount of the debt for the satisfaction of which it was ordered sold and also as to the divisibility of the property, in view of it having been already divided and while also the property, when sold as a whole, brought less than half of its appraised value (as was to be expected under the circumstances attending the sale), such facts cannot here be regarded as having materially prejudiced appellant in its sale, for the reason that appellant, having both agreed, rather than objected, to its sale as a whole and to its purchase by the appellee at the price stated of less than two-thirds of its appraised value, cannot now be heard to complain of that to which he consented, but should be left to follow the course chosen by him for remedying his loss by exercising the right given him by law of redeeming the

property by paying to purchaser the inadequate price paid by her, plus the penalties attaching in such case.

Appellant was charged with some duty in looking after his interests in this action, of making timely complaint or objection to any procedure had in the foreclosure suit which he deemed prejudicial to his substantial rights. This duty he utterly failed to perform, even by so much as employing counsel to advise and represent him in raising such points and defending his rights and threatened property interests involved in the litigation, subjecting his whole property to foreclosure sale for the satisfaction of his small mortgage debt.

Only after his right of redemption of the property had expired and after final confirmation of the sale and deed, made pursuant thereto, did appellant raise any claim of unfairness or irregularity allowed in the proceeding.

However, appellant did, upon the court's agreeing to hear his objections, raise by his intervening petition the point as to the sale's being irregular and in breach of trust, and the court did give him the desired review as to the validity of the foreclosure sale by hearing proof upon his claim therein alleged that appellee had agreed, before the right of redemption expired on March 13, 1940, to extend his year's period of redemption some thirty days or until April 21, 1940.

We have frequently held that the time limited by law for the redemption of land sold under execution or decree may be extended by parol agreement between purchaser and debtor, and the purchaser will be regarded as holding the land as trustee for defendant. Griffin v. Coffey, 9 B. Mon. 452, 50 Am. Dec. 519; Williams v. Williams, 8 Bush 241; Martin v. Martin, 16 B. Mon. 8; Fishback v. Green, 87 Ky. 107, 7 S. W. 881, 9 Ky. Law Rep. 959.

However, upon the court's hearing of the proof offered by appellant in support of his claim, the court found it insufficient to support appellant's plea and claim that any such agreement or promise to extend the period of redemption was made prior to its expiration by appellee to him.

The chancellor's finding, based upon the proof heard by him in open court, must be given the same weight as

attaches to the verdict of a properly instructed jury; and with his finding, we may add, we find ourselves in hearty agreement.

Such being our conclusion as to the character of appellant's dealings had with the appellee and the learned chancellor's findings based thereon, we are not inclined to the opinion that appellant has been prejudiced in his rights by the rulings of the court made, but rather that its judgment was practically the only one that could have been properly rendered upon the showing of the record made by appellant.

Judgment affirmed.