Sam T. SMITH et al., Appellants,

v.

Wavy DECKER et al., Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1964.

W. D. Bratcher, Greenville, Harold M. Streets, Central City, William P. Donan (Donan & Vick), Greenville, for appellants.

Forest P. Bell, Hartford, Walter Catinna (Woodward, Bartlett & Catinna), Hartford, for appellees.

CLAY, Commissioner.

This suit was brought by plaintiff appellees to establish title to a one-half interest in certain land claimed by defendant appellants. The sole issue was whether, under the doctrine of res judicata, the plaintiffs were barred from asserting their rights.

The Chancellor denied defendants' plea and found for the plaintiffs.

■ Herman and Jane Decker, husband and wife, were joint owners of the tract involved. Jane died intestate in 1945 and Herman died intestate a year later. Since the deed by which they held title did not contain a survivorship clause, their one-half interests descended to their respective heirs. (Their heirs were not the same.)

In 1946 a suit was instituted by Herman's personal representative to settle his estate and sell the land for the payment of his debts. The petition alleged Herman had died "seized in fee simple" of the land, and a copy of the deed was filed as an exhibit. The present plaintiffs, heirs of Jane, were made parties to that suit. Some entered their appearance but none raised the question of title. In proper proceedings the court ordered the land sold for the payment of Herman's debts, confirmed the sale, and a commissioner's deed was delivered to the purchaser, defendants' predecessor in title.

Thirteen years later the plaintiffs filed this action, claiming a one-half interest in the property. This was a collateral attack upon the prior judgment. It could not be maintained unless such judgment was void. The Chancellor found that it was void to the extent it ordered and confirmed the sale of Jane's one-half interest in the property. This decision was based upon the finding that the circuit court entertaining the prior action *did not have jurisdiction* of Jane's one-half interest in the land.

■ There is no question that the circuit court in the prior suit had jurisdiction of the general subject matter, which was the judicial sale of real estate allegedly owned by Herman Decker, and jurisdiction of the parties. Having such jurisdiction, the judgment was binding upon all parties thereto with respect to all matters involved in the scope of the proceeding. Moore v. Waltman's Adm'x et al., 288 Ky. 258, 156 S.W. 2d 100.

Plaintiffs take the position, and it was apparently accepted by the Chancellor, that because *no specific question was raised by the pleadings* concerning the possible claim of Jane's heirs to an interest in the property, the court did not and could not adjudicate that issue. Clearly this argument is unsound.

■ In the first place, the petition tendered the issue of title when it alleged in substance that Herman was the sole owner of the land. The judgment ordering a sale of this property for the payment of his debts required and necessarily constituted a determination that he was such owner. See Kimbrough v. Harbett, 110 Ky. 94, 60 S.W. 836. That this adjudication was implicit in the order of sale is admitted by plaintiffs in their brief by the assertion that the "wholly void portion of the judgment is brought about by the fact that the court *attempted to adjudge a sale of the fee* in the tract of land involved * * *". The pleading of an adverse claim was not a prerequisite to the adjudication of title. See Clay v. Clay, 199 Ky. 4, 250 S.W. 829.

■ Secondly, even if the issue of title was not raised or necessarily determined by the judgment, the jurisdictional authority of the court and the doctrine of res judicata extend to all of those matters which properly were involved in the scope of the proceedings, or belonged to the subject of the litigation, which the court might have been called upon to decide or which the parties might have brought forward. Moore v. Waltman's Adm'x et al., 288 Ky. 258, 156 S.W.2d 100; Webb v. Perry, Ky., 331 S.W.2d 897. As said in Commonwealth v. Givens, Ky., 299 S.W.2d 799, 801:

"A broader aspect of this same doctrine is that a judgment rendered on the merits by a court having jurisdiction of the subject matter and parties is conclusive on the rights of the parties and their privies in another action, not only on the points upon which the court was required by the parties to

form an opinion and pronounce judgment *but as to every point which properly belonged to the subject matter being litigated and which the parties, by reasonable diligence, might have brought forward."*

■ It is difficult to imagine a proceeding wherein an adverse claim of title could more properly be interposed by any affected parties. The suit was brought to sell the fee simple title to the land for the payment of Herman Decker's debts. The very basis of the suit was his ownership. Simple justice would demand that all parties thereto with adverse claims of title should then assert them. Surely that is when an adjudication on conflicting claims would not only have been authorized and appropriate, but would have been necessary to protect an innocent purchaser from acquiring a defective title. The estoppel element of res judicata is here apparent. The purchaser and the creditors were led into relying upon the finality of the decree by the failure of any party to the suit to assert an adverse claim. The order of sale and its confirmation foreclosed any rights of the plaintiffs to question its propriety. See 30A Am.Jur., Judicial Sales, section 178 (page 1006).

■■ Finally it is the policy of the law to protect the integrity of judicial sales, and it is not incumbent upon the purchaser to defend the soundness of the decree. Rose v. Cox, 297 Ky. 458, 179 S.W.2d 871, 155 A.L. R. 1246. An order confirming a judicial sale is final and conclusive as to the rights of all parties in the property. 30A Am. Jur., Judicial Sales, section 140 (page 982). The purchaser takes all the rights of the parties to the action in the land conveyed to him. Nickels v. Mineral Development Co., 31 Ky.Law Rep. 1224, 104 S.W. 1033. Clearly the circuit court had jurisdiction to determine those rights.

■ Since the circuit court in the prior action had jurisdiction of the subject matter and the parties, the judgment vesting title in defendants' predecessor was binding on the plaintiffs. By no stretch of the imagination could it have been void. It cannot be collaterally attacked by them in this proceeding.

The judgment is reversed, with directions to enter judgment for the defendants.