**Dolly MAYNARD, Etta Frances Maynard, Danny G. Maynard, Ann Maynard, Mitchell L. Maynard, Carol Maynard, David B. Maynard, Sharon Maynard, Linda Sue Pete and Richard Pete, Appellants,**

**v.**

**Anna BOGGS and Delbert Boggs, Jr., Appellees.**

Court of Appeals of Kentucky.

Aug. 28, 1987.

Nelson T. Sparks, Louisa, for appellants.

Kim Wesley Wright, Offices of Wilson & Wright, Louisa, for appellees.

Before COMBS, REYNOLDS and WEST, JJ.

WEST, Judge.

This appeal from the Lawrence Circuit Court is taken from an Order which sustained exceptions, set aside the commissioner's sale and allocated costs of a second sale to plaintiff. The trial court's order was based upon the grounds that the sale of the property failed to bring two-thirds of the appraised price. The appellants, successful bidders at the Commissioner's sale, contend that because the property was sold for indivisibility and not for debt, there was no legal requirement that the property be appraised and the fact that it failed to bring two-thirds of the appraised amount is irrelevant. Thus, it is argued that the trial court abused its discretion in failing to confirm the sale. We agree.

There is no dispute as to the facts leading up to the sale. On January 22, 1962,

Gray Maynard died intestate, leaving as his heirs-at-law his widow, Dolly Maynard, who inherited an undivided one-half interest in the property, and six children, each of whom inherited an undivided one-twelfth. Dolly Maynard has continued to reside on the property in question since the death of her husband.

In February, 1986, one of Gray Maynard's daughters, Anna Boggs, brought this action in the Lawrence Circuit Court seeking to sell the property for indivisibility. Mrs. Dolly Maynard and her other five children, including their respective spouses, were named as defendants.

On July 22, 1986, an "Agreed Judgment and Order of Sale" was entered referring the case to the Master Commissioner for sale to the highest bidder. An appraisal of the property was obtained by the Commissioner which estimated the value of the property at $65,000.00.

The property was properly advertised and at the sale, the appellants, David Maynard and Mitchell Maynard, the brothers of the appellee, Anna Boggs, jointly cast the highest bid of $25,000.00. Appellee, Anna Boggs attended the sale with her attorney but did not bid on the property.

Appellee thereafter filed "Exceptions to Report of Commissioner's Sale" seeking to set the sale aside on the grounds that there was insufficient notice of the sale and that the property sold for an inadequate amount. The appellants moved to confirm the sale and for a hearing on the exceptions, which was held September 12, 1986. Following the hearing, the trial court entered the order appealed from which set aside the first sale and ordered a resale. Appellees first contend that the order setting aside the judicial sale is not a final order or judgment and therefore, is not appealable. This issue was rightly conceded at oral argument as it had been previously resolved in *Moore v. Waltman's Adm'x.*, 288 Ky. 258, 156 S.W.2d 100 (1941). In *Moore*, the former Court of Appeals quoted with approval the following language from Section 132, page 469 of 31 Am.Jur.:

An order confirming or refusing to confirm a judicial sale is a final and conclusive judgment, with the same force and effect as any other final adjudication of a court of competent jurisdiction, determining, until set aside, the rights of all parties and concluding as by a judicial decree all matters involved in the scope of the proceeding, including those which the court might have been called upon to decide had the parties chosen to bring them forward as objections to the confirmation. *Id.*

Previously, in *Lowther v. Moss*, 239 Ky. 290, 39 S.W.2d 501 (1931), the appellate court stated, "It is conceded and which is true, that an order confirming a sale as well as one setting it aside, is a final one, at least for purposes of appeal to the court ..." *Id.*

With this court's authority to review the order in question properly established, we turn to the argument raised by the appellants that the circuit court erred in setting aside the sale merely for inadequacy of price. The trial court found that the property was properly advertised and sold in compliance with the Kentucky Revised Statutes. However, it held "that such failure in bid amount is sufficiently material to create doubt as to receipt of the worth of the property at such sale." The law in Kentucky is clearly to the contrary when the sale is for indivisibility.

Kentucky courts have uniformly held that where land was sold for the purpose of division and not to pay debts there need not be an appraisement of the property. *Green v. Thomson*, 168 Ky. 40, 181 S.W. 662 (1916); *Lisle's Adm'r. v. Lisle*, 183 Ky. 656, 210 S.W. 496 (1914); *Hollon v. Rose*, Ky., 268 S.W.2d 641 (1954). Accordingly, the trial court erred when it ordered a resale based on the failure of the first sale to bring two-thirds of the appraised value. The trial court apparently applied KRS 426.520 and KRS 426.530 which respectively require property sold under an order or judgment of a court, other than execution, to be appraised and require such sale to bring two-thirds of its appraised value. However, those statutes do not ap-

ply to sales of land for indivisibility. The statute regulating sales of indivisible property in Kentucky is KRS 389A.030. That statute has neither an "appraisal" or two-thirds" requirement.

It was suggested at oral argument that the court had an "unwritten policy" of ordering appraisals in all judicial sales. As such is not required when the sale is for indivisibility, we believe such a practice is unnecessary and undoubtedly costly for the litigants.

The only other grounds upon which the lower court could properly order a resale is if the original sale was so inadequate in price as to "shock the conscience of the court," or "create the presumption of fraud." *Gross v. Gross*, Ky., 350 S.W.2d 470 (1961).

In the case at bar there was no finding of irregularity or unfairness in the manner in which the sale was conducted. The "Order for Resale" explicitly states that the property was "advertised and sold in compliance with the Kentucky Revised Statutes." The only claim of impropriety raised by the appellees was that certain unnamed persons tried to learn the date of the sale from the circuit clerk's office and were unable to do so. This argument is without merit because Kentucky law only requires publication of judicial sales through newspapers and not through the circuit court clerk. KRS 426.560.

In light of the fact that the trial court found no evidence of fraud or irregularity in the original sale and that the appellees presented no substantial evidence of unfairness, we now hold that the Lawrence Circuit Court was clearly erroneous in setting aside the Commissioner's sale merely for inadequacy of price.

The judgment of the Lawrence Circuit Court is therefore REVERSED.

All concur.