Kimberly D. OWEN and Jeffrey R. Owen, Appellants,

v.

DCR MORTGAGE III SUB I, LLC., Appellee.

No. 2009–CA–001788–MR.

Court of Appeals of Kentucky.

March 25, 2011.

Charles W. Arnold, Lexington, KY, for appellants.

Donald R. Rose, Susan Y.W. Chun, Lexington, KY, for appellee.

Before ACREE and NICKELL, Judges; SHAKE,[1] Senior Judge.

## OPINION

NICKELL, Judge:

Kimberly D. Owen and her husband, Jeffrey R. Owen, appeal from the Fayette Circuit Court's award of summary judgment to DCR Mortgage III Sub I, LLC (DCR Mortgage) on August 31, 2009. Having reviewed the briefs, the record, and the law, we affirm.

## BACKGROUND

On September 15, 2003, O.M. Enterprises of Louisville, Inc. (O.M. Enterprises) executed and delivered to DCR Mortgage's assignor, Integra Bank, N.A., (Integra Bank) a promissory note in the original principal amount of $1,170,000, with interest calculated on the unpaid principal balance, payable in monthly installments until the note was fully paid. To secure payment of the note, O.M. Enterprises executed and delivered to Integra Bank three separate mortgages on Kentucky properties located in Franklin, Hardin, and Nelson Counties.

Jeffrey was a principal in O.M. Enterprises. Kimberly and Jeffrey personally guaranteed payment of the note. On July 13, 2005, Integra Bank assigned the note to DCR Mortgage. The note declares that, upon default, the lender may declare the entire unpaid principal balance and all accrued unpaid interest immediately due. The mortgages provide that O.M. Enterprises shall pay when due all taxes and assessments levied against or on account of the properties subject to the mortgages. The mortgages also provide that if O.M. Enterprises fails to comply with any provision of the mortgages, including failure to pay when due any amounts O.M. Enterprises is required to pay under the terms of the mortgages, the lender may take any action it deems appropriate, including, but not limited to, discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the properties. The guarantees provide that the Owens shall pay upon demand all of lender's costs and expenses, including reasonable attorneys' fees and legal expenses, incurred in enforcement of the guarantees.

In June of 2005, O.M. Enterprises defaulted on the note and mortgages by failing to make payments on the note when due and failing to pay real estate taxes on the properties. Thereafter, O.M. Enterprises made partial payments toward the amounts due under the note and mortgages, with its last partial payment being made on or about February 27, 2006. However, O.M. Enterprises failed to pay the entire amount due and failed to cure its default.

On or about September 3, 2004, while under the direction and control of Jeffrey Owen, O.M. Enterprises filed for Chapter 11 bankruptcy.[2] Attorney Fred R. Simon[3]

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. *In Re: O.M. Enterprises of Louisville, Inc.* Chapter 11, United States Bankruptcy Court

represented O.M. Enterprises in the bankruptcy case and, as a result of appearing on the mailing matrix [4] for the bankruptcy case, received all documents filed in the bankruptcy case. As a result of the bankruptcy, DCR Mortgage received some, but not all, the amounts due it under the note and mortgages from a sale of the three properties by the bankruptcy trustee. Following the sale of the properties, $80,000 remained due and owing under the note, plus interest, costs, expenses and attorneys' fees. By virtue of the guarantees, DCR Mortgage claims the Owens are liable for the remaining amount due it for O.M. Enterprises' default on the note.

## THE INSTANT LITIGATION

In May of 2006, DCR Mortgage filed a complaint against the Owens to enforce their personal guarantees. However, the complaint was allowed to remain dormant because it appeared the sale of the three properties, for which $1.5 million had been offered, would sufficiently cover the $1,196,578.54 debt. On November 29, 2006, the bankruptcy court approved the private sale of the property. However, after the sale was approved, Robert H. Clarkson Insurance Agency, LLC and William Cox made additional claims to the sales proceeds. The property sold in January 2007 pursuant to the bankruptcy court's order.

Jeffrey Owen called Donald R. Rose, the attorney for DCR Mortgage, multiple times urging him to recognize Clarkson's claim. Rose reminded Owen that, if part of the sales proceeds were used to pay Clarkson's claim, DCR Mortgage would

likely pursue enforcement of the Owens' personal guarantees. Rose discussed the matter twice with Simon and advised him that DCR Mortgage would seek to recover about $80,000 from the Owens by virtue of their personal guarantees. Simon indicated that he would discuss the matter with his clients. Rose never heard back from Simon.

DCR Mortgage settled with Clarkson and Cox for $80,000, an amount approved by the bankruptcy court. No one objected to approval of the settlement. The order approving the settlement specifically reserved DCR Mortgage's right to pursue the Owens' personal guarantees of the notes.

On March 11, 2009, DCR Mortgage moved for summary judgment, arguing that there were no genuine issues of material fact and requesting an order directing Jeffrey and Kimberly Owen to pay DCR Mortgage the amount of $80,000, plus accrued interest, costs, and attorneys' fees. The Owens responded to the summary judgment motion arguing: 1) they did not receive notice of activities occurring in the bankruptcy case because they were not specifically listed as creditors and, therefore, had no opportunity to protect their rights; 2) DCR Mortgage did not show the sale of the three properties to have been commercially reasonable where the Integra Bank proof of claims shows the amount of the debt owed was $1,196,578.54, and the value of the collateral securing the debt was $1,775,000; and 3) DCR Mortgage is estopped from enforcing the Owens' personal guarantees.

for the Western District of Kentucky, Louisville Division, Case No. 04–35657.

3. This same attorney filed the answer on behalf of the Owens in this lawsuit.

4. Also appearing on the mailing matrix were the Truman Annex Trust, of which Kimberly Owen is the trustee and whose minor children are the beneficiaries; the Owen Family Trust which owns all the stock in Kid's World of America, Inc., a debtor of O.M. Enterprises; Simon; and O.M. Enterprises.

On June 4, 2009, DCR Mortgage responded to the Owens' objection to the summary judgment motion, pointing out that Jeffrey Owen was the president of O.M. Enterprises and that he instituted the bankruptcy proceedings. Moreover, O.M. Enterprises was represented by Simon in the bankruptcy case and originally in this litigation, and Simon was listed on the mailing matrix. Additionally, O.M. Enterprises and the Owen Family Trust, both debtors, were listed on the mailing matrix. Thus, even if Kimberly and Jeffrey Owen were not individually served with notice of events occurring in the bankruptcy case, they were still personally knowledgeable of all that occurred. Furthermore, the Owens were aware of DCR Mortgage's intent to enforce their personal guarantees because the current lawsuit was filed *before* the possibility of the private sale arose. Finally, Clarkson and Cox did not submit their claims until *after* the proposed sale had been approved by the bankruptcy court, and only if their claims were recognized would the sales proceeds not satisfy DCR Mortgage's claim. Although it was in the Owens' best interest for the Clarkson and Cox claims to be rejected, Jeffrey Owen repeatedly urged counsel for DCR Mortgage to recognize the claims.

As for the commercial reasonableness argument, DCR Mortgage argued that real estate transactions are expressly excepted from Article 9 of the Uniform Commercial Code (UCC). Finally, DCR Mortgage argued that it was not estopped from claiming more than the amount stated in the bankruptcy proof of claim because interest and attorneys' fees continued accruing throughout the pendency of the bankruptcy action.

The matter was submitted to the Fayette Circuit Court on the record. On August 12, 2009, the court entered an order holding there are no issues of material fact and that [DCR Mortgage] is entitled to Summary Judgment as a matter of law.

There is no dispute that the Defendants, Kimberly and Jeffrey Owen, signed Personal Guarantees for a loan to O.M. Enterprises on September 15, 2003. The Company filed Bankruptcy and the property—collateral was sold by the Trustee. There remains a Deficiency Judgment which [DCR Mortgage] is seeking to collect from the [Owens].

It is obvious from the Record that the Bankruptcy proceedings were proper in all respects. Counsel for the Company is the same attorney who first represented the Owens in this case. All parties were on Notice and given an opportunity to contest any issue in Bankruptcy Court.

There being no issue of fact and Kentucky law being well-settled on this issue, [DCR Mortgage's] Motion for Summary Judgment is GRANTED. Counsel may prepare a Judgment in accordance with this Ruling.

On August 31, 2009, the court entered an order granting summary judgment to DCR Mortgage and authorizing it to collect $80,000 from the Owens, with interest calculated at 6.35% per annum computed from April 17, 2006, plus reasonable attorneys' fees and legal expenses. This appeal followed.

## ANALYSIS

The Owens raise two issues on appeal: 1) summary judgment was improvidently granted to DCR Mortgage because it did not establish the commercial reasonableness of the sale of the collateral; and 2) DCR Mortgage did not show the sale of the three parcels of land was reasonable under the UCC since the offer for the collateral exceeded the claimed debt.

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996); Kentucky Rules of Civil Procedure (CR) 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991).

We hold the trial court's award of summary judgment to DCR Mortgage was correct for the following reasons. The record shows Kimberly and Jeffrey Owen personally guaranteed the note and mortgages; and, but for Clarkson's and Cox's filing late claims, and Jeffrey Owen's urging recognition of the late claims, the sales proceeds would have satisfied the debt owed to DCR Mortgage.

The absence of the Owens' names from the list of creditors is directly attributable to Jeffrey Owen, for it is the duty of the debtor to file a list of creditors with the bankruptcy court. 11 U.S.C.A. § 521(a)(1)(A). It is undisputed that Jeffrey Owen was at the helm of O.M. Enterprises when bankruptcy was filed, and we will not shift the blame to someone else for his failure to list himself and his wife as creditors. Moreover, we are confident the Owens were apprised of all events in the bankruptcy proceedings by their attorney, O.M. Enterprises, and the Owen Family Trust-all of which were part of the mailing matrix and directly linked to Kimberly and Jeffrey Owen.

The collateral was sold with approval of and pursuant to order of the bankruptcy court. Thus, any objection to the sale should have occurred in the federal bankruptcy proceeding, not in the state court action to recoup the deficiency, since the bankruptcy court had jurisdiction "with respect to all matters involved in the scope of the proceeding." *Smith v. Decker*, 374 S.W.2d 487, 489 (Ky.1964) (citing *Moore v. Waltman's Adm'x*, 288 Ky. 258, 156 S.W.2d 100 (1941)). However, no party questioned the reasonableness of the sale of the collateral at the appropriate moment and it is now too late and in the wrong forum for the Owens to mount such a challenge. As explained in *Moore*,

> [a]n order confirming or refusing to confirm a judicial sale is a final and conclusive judgment, with the same force and effect as any other final adjudication of a court of competent jurisdiction, determining, until set aside, the rights of all parties, and concluding as by a judicial decree all matters involved in the scope of the proceeding, including those which the court might have been called upon to decide had the parties chosen to bring them forward as objections to the confirmation. Such an order is subject to attack only by such methods as are available to set aside other decrees; it is generally held that, after confirmation, matters arising between the time of the decree and of the sale do not afford grounds for collateral attack.

156 S.W.2d at 105–06 (internal citation omitted). *See also Ford Motor Credit Company v. Traffic Transport Engineering, Inc.*, 150 Mich.App. 205, 209–10, 388 N.W.2d 281, 282–83 (1986).

The Owens' reliance upon *Holt v. Peoples Bank of Mt. Washington*, 814 S.W.2d 568 (Ky.1991), and *Rexing v. Doug Evans Auto Sales, Inc.*, 703 S.W.2d 491 (Ky.App. 1986), is misplaced. Even they admit the UCC does not apply to situations involving real estate. KRS 355.9–109(4)(k).

■ Finally, DCR Mortgage is not estopped from claiming the full amount due on the note. The statutory scheme announced in KRS Chapter 426 pertains to the sale of property by a state court to enforce a state court judgment. It does not apply to federal bankruptcy proceedings. The property at the heart of this case was sold pursuant to order of the bankruptcy court. We will not comment on the process followed in accomplishing the sale because that record is not before us, and to do so would be rank speculation. Instead, we will echo the language of *Ford Motor Credit,* 388 N.W.2d at 282,

> [i]f the judicial approval of a sale emanates from a full and fair hearing, a court which collaterally reviews the disposition's reasonableness should not attempt to further investigate the individual aspects of the sale.

For the foregoing reasons, we affirm the Fayette Circuit Court's award of summary judgment to DCR Mortgage.

ALL CONCUR.