RENDERED: JANUARY 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0911-MR

LUCIE V. PRYOR                                                                APPELLANT

v.          APPEAL FROM CLARK CIRCUIT COURT
            HONORABLE BRANDY OLIVER BROWN, JUDGE
            ACTION NO. 20-CI-00510

COMMUNITY TRUST BANK, INC.;
CARLISLE V. MAYER; AND MARK
MAYER                                                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND MᶜNEILL, JUDGES.

MᶜNEILL, JUDGE: This case involves the court ordered sale of real estate owned by Appellant, Lucie V. Pryor, located at 4485 Van Meter Road (Parcel 1) and 4895 Van Meter Road (Parcel 2) (together with Parcel 1, the "Property"). The Property is located in Clark County, Kentucky and was encumbered by a mortgage.

Appellee, Community Trust Bank, Inc ("CTB") is the mortgagee and Appellant is the mortgagor.

CTB initiated the underlying foreclosure action on November 5, 2020, after Appellant had been repeatedly delinquent in making payments required by the promissory note secured by the mortgage. In an order entered on March 22, 2021, the Clark County Circuit Court granted CTB *in rem* summary judgment. Therein, the court ordered the Clark County Master Commissioner to sell the Property as a whole to the highest bidder. Appellees, Mark and Carlisle Mayer (the "Mayers") successfully purchased the property at the Master Commissioner's sale. A report of sale was filed by the Master Commissioner on April 16, 2021. On April 23, 2021, Appellant filed her objection to confirmation of sale ("Objection"). A secondary claim raised in the Objection was that both of the Property parcels should not have been sold because the sale of either Parcel 1 or Parcel 2 would have satisfied her debt. The court entered an order affirming confirmation of sale on July 8, 2021. Appellant appeals to this Court as a matter of right.[1] For the following reasons, we affirm.

---

[1] Appellant appeals only from the order affirming confirmation of sale, not the order of sale. Therefore, "[b]y appealing only from the order confirming the Report of Sale, [Appellants] preserved only errors or irregularities in the sale itself." *Hall v. Queen*, No. 2008-CA-000513-MR, 2009 WL 1160343, at *2 (Ky. App. May 1, 2009). *See also Hunter v. Hunt*, 296 Ky. 769, 178 S.W.2d 609 (1944).

We review a circuit court's decision to confirm or vacate a judicial sale for an abuse of discretion. *U.S. Bank Nat'l Ass'n v. Courtyards Univ. of Ky. LLC*, 594 S.W.3d 205, 209 (Ky. App. 2019). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). A sale "ought not to be lightly disapproved where it was conducted in a fair and regular manner, and confirmation ought not to be refused except for substantial reasons." *Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961). With these standards in mind, we turn to the facts of the present case.

Appellant generally argues the trial court failed to determine whether the Property was capable of being divided without materially impairing its value. She specifically asserts that the Property appraised for $1,475,000.00 and sold for $1,300,000.00, which she claims is more than two and one half times the amount of the judgment against her. Therefore, she contends that the sale of one parcel of the Property could have satisfied her debt without necessitating the sale of the other. Accordingly, Appellant requests that we vacate the order confirming sale. The relevant statutory provision at issue here is KRS[2] 426.685(1):

---

[2] Kentucky Revised Statutes.

-3-

Before ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings, by an agreement of the parties, by affidavits filed, or by a report of a commissioner or commissioners, whether or not the property can be divided without materially impairing its value, and may cause it to be divided, with suitable avenues, streets, lanes or alleys, or without any of them.

First, KRS 426.685 does not mandate the reversal of an otherwise valid judicial sale. A contrary holding would offend the greater purpose of KRS Chapter 426. Furthermore, Appellant was represented by counsel during the underlying litigation. The trial court permitted Appellant to file a late answer in order to avoid a default judgment. And yet, there is no indication that she contested the sale pursuant to KRS 426.685 until after the sale was complete. We acknowledge that the circuit court may have discretion to set aside a judicial sale under certain circumstances. *Moore v. Waltman's Adm'x*, 288 Ky. 258, 266, 156 S.W.2d 100, 105 (1941) (citing *Vanmeter v. Vanmeter*, 88 Ky. 448, 11 S.W. 80 (1889)). Again, however, the court is not required to do so. Moreover, there is no indication in the present case that the Property sold for a "grossly inadequate price" or that the owner suffered "hardship" as a result of an "error" in the judgment necessitating reversal. *Id*. We similarly derive no evidence of fraud or bad faith here. *See Smith v. Holowell*, 201 Ky. 271, 273, 256 S.W. 408, 408 (1923) ("Of course bad faith or fraud on the part of an interested party is always sufficient to render a sale invalid, where they operate to the disadvantage of the owners of the

-4-

property.").  We certainly cannot say that the circuit court abused its discretion.

Therefore, for the foregoing reasons, we affirm the circuit court.


ALL CONCUR.



BRIEFS FOR APPELLANT:

Steven F. Vicroy
Lexington, Kentucky

BRIEF FOR APPELLEE
COMMUNITY TRUST BANK, INC.:

Martin B. Tucker
Sara A. Johnston
Mary L. Bryson
Lexington, Kentucky

BRIEF FOR APPELLEES MARK
MAYER AND CARLISLE V.
MAYER:

Thomas W. Miller
Elliott C. Miller
Lexington, Kentucky