The BANK JOSEPHINE, a corporation, Appellant,

v.

Frankie CONN and Leonard Conn, Appellees.

Court of Appeals of Kentucky.

May 16, 1980.

Joe Hobson, Prestonsburg, for appellant.

Walter W. Turner, Salyersville, for appellees.

Before COOPER, HOGGE and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellees, defendants below, in an action to secure a deficiency judgment. KRS 355.9–504. The issues are whether the trial court erred: (1) in failing to direct a verdict for the appellant; and (2) in admitting into evidence certain expert testimony.

In April of 1977, the appellant, The Bank Josephine, instituted this action under KRS 355.9–504 against the appellees, Frankie Conn and his father, Leonard Conn, to recover a deficiency of $7,337.23. This followed default by the appellees and the subsequent sale of collateral owned by them and secured by the appellant. Although admitting default, the appellees denied liability for any existing indebtedness. Specifically, they denied liability on the basis of (1) accord and satisfaction, and (2) equitable estoppel. With respect to the defense of accord and satisfaction, the appellees argued that subsequent to default, the appellant was given title to the collateral as consideration for a discharge of the indebtedness. With respect to the defense of equitable estoppel, the appellees argued that the appellant was negligent in the following respects: (1) in failing to reasonably safeguard the collateral from the time it took possession until the time of the sale; (2) in failing to give adequate notice of the

sale; and (3) in failing to conduct the sale in a commercially reasonable manner. The trial court instructed the jury on the issues of both accord and satisfaction and equitable estoppel. The jury subsequently found for the appellees, determining that the appellant was negligent in failing to safeguard the collateral once it came into appellant's possession. It is from this judgment that the appellant now appeals.

On April 13, 1976, Frankie Conn executed a promissory note to the appellant for $34,122.42. Leonard Conn was the guarantor of this note. As collateral, the appellees executed and delivered to the appellant a security agreement covering two coal trucks. Thereafter, in the fall of 1976, Frankie Conn defaulted in his payments. On January 3, 1977, he was contacted by an agent for the appellant, John Heinze, who informed him that he had secured buyers for the two trucks. Furthermore, according to the appellees' testimony, Heinze requested that title to the vehicles be transferred to the appellant, thus discharging all of the existing indebtedness. On the following day, title to the two trucks was transferred to the appellant.

Following this transfer, the appellant was in constructive possession of the collateral. However, the anticipated sale of the collateral to third parties failed to materialize. Consequently, the appellant did not take actual possession of the collateral until some 5 weeks later. The evidence is uncontradicted that during this interval the physical condition of the trucks deteriorated, each truck being stripped of such parts as doors, tires, and transmission caps. On February 11, the appellant notified the appellees of a public sale to be held on February 22. At this sale the only bid submitted for the collateral was that by the appellant for $10,000. The collateral was subsequently resold by the appellant for $15,00. This amount was credited against the appellees' outstanding indebtedness. The action filed by the appellant for a deficiency was for the difference between the outstanding indebtedness and $15,000.00, or $7,337.23.

Initially, the appellant argues that the trial court erred in not directing a verdict for it on the basis of the promissory note and security agreement involved. In effect, appellant argues that it complied with the language of KRS 355.9–504, and is entitled to a deficiency judgment as a matter of law. Yet, the question of whether the appellant complied with all the provisions of KRS 355.9–504 was a question of fact for the jury to determine. The jury had the right to determine whether all aspects of the notice and sale of the collateral, as well as the appellant's safeguarding it, were commercially reasonable. Furthermore, we believe the appellant, rather than the appellees, had the burden of proving that it had, in fact, acted with commercial reasonableness.

■ Although such a question appears to be one of first impression in this jurisdiction, other jurisdictions have held that the secured party, rather than the debtor, should have the burden of proving that it has acted with commercial reasonableness. *Cf. Farmers Equipment Co. v. Miller*, 252 Ark. 1092, 482 S.W.2d 805 (1972); *Tauber v. Johnson*, 8 Ill.App.3d 789, 291 N.E.2d 180 (1972). Clearly, this position is the most logical and equitable. In any transaction involving the holding and subsequent sale of collateral, the secured party is in the best position to introduce evidence that it acted in accordance with reasonable commercial standards. The secured party, rather than the debtor, knows when it sent notice to the debtor of a public or private sale, and how that sale was advertised, if at all. As the appellant filed this action against the appellees for a deficiency judgment, we hold that it had the burden of proving it acted with commercial reasonableness in the holding and disposition of the collateral in question. Had the appellees filed an action against the appellant under KRS 355.9–506, it is arguable that the burden of proving commercial reasonableness—or in actuality, commercial unreasonableness—should be borne by the appellees. As such was not the case herein, we do not reach that question.

■ A review of the record below indicates that the appellant did not safeguard the collateral as required by KRS 355.9–504(3). The appellant took possession of the collateral on January 3, and did not dispose of it until some 4–5 weeks thereafter. In the interim, it was allowed to deteriorate. At the time he surrendered possession of the vehicles to the appellant, Frankie Conn testified that they were in good running order and had an approximate combined value of $25,000. Conversely, the vehicles were purchased by the appellant at the February 22 sale for only $10,000. Notwithstanding the language of KRS 355.9–507(2), we believe that value was substantially and materially reduced because the appellant failed to act with commercial reasonableness in safeguarding it.

Secondly, as the appellees argued, the appellant failed to introduce any substantial evidence as to how the sale of February 22 was noticed or advertised to the public. There was no material evidence as to where the notices of the sale were placed, or if the sale had been advertised in any newspaper or circular. Furthermore, the evidence established that the appellant was the only bidder at the sale. Given this evidence—or lack of evidence—it is fair to say that the appellant failed to establish it acted with commercial reasonableness in selling the collateral involved. *Cf. Farmers Equipment Co., supra.* And, as is argued by the appellees, the fact that the collateral was sold for $15,000 shortly after the initial sale raises the presumption that the sale was not conducted with commercial reasonableness. *Cf.* KRS 355.9–507(2); *see also* Harris, *Defending Deficiency Judgment Suits in Kentucky: Article Nine, Part 5 of the Uniform Commercial Code*, 61 K.L.J. 578, 586 (1973). As such, we do not believe the trial court erred in refusing to direct a verdict for the appellant on its claim that it was entitled to a judgment as a matter of law. On the contrary, we believe the record clearly establishes that the appellant failed to act with commercial reasonableness and, therefore, was estopped from securing a deficiency judgment against the appellees.

■ Finally, the appellant argues that the trial court committed reversible error in allowing Frankie Conn to testify as to the value of the collateral at the time he surrendered it to the appellant. In effect, it argues that he failed to qualify as an expert. A review of the record below indicates otherwise. The appellee had wide experience in the buying and selling of vehicles similar to the ones involved herein. Given this experience, we believe the trial court acted correctly in ruling that he was sufficiently qualified to express an opinion of the fair and reasonable market value of the vehicles as of January 3, 1977. *Commonwealth, Dept. of Highways v. Snyder*, Ky., 390 S.W.2d 659 (1965). Even if such testimony had been excluded by the trial court, we believe the jury could have inferred from Mr. Heinze's testimony that at the time the vehicles were transferred to the appellant, they had a value equal to the outstanding indebtedness owed by the appellees. Therefore, we find no error on the part of the trial court in this respect.

The judgment of the trial court is affirmed.

All concur.