CENTRAL BANK AND TRUST COMPANY, Appellant,

v.

Evelyn METCALFE, Individually and as Administratrix of the Estate of Herbert Metcalfe, Sr., Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1984.

**958**

Deborah L. Bolt, Hagan & Bolt, Hartford, for appellant.

Henry E. Hayden, Hayden & McKown, Hartford, for appellee.

Before MILLER, COOPER and DUNN, JJ.

DUNN, Judge.

The appellant, Central Bank and Trust Company, sued Herbert Metcalfe, Jr. and the appellee, Evelyn Metcalfe, individually and as administratrix of the estate of Herbert Metcalfe, Sr., for a deficiency judgment.

The three Metcalfes had contracted with Tapp Motor Sales for the purchase of a 1979 Ford Bronco. The principal purchaser was Metcalfe, Jr., his father, Herbert Sr., and his stepmother, Evelyn, were cosigners. After execution, the contract was assigned to the appellant bank. The instrument granted the bank a security interest in the Bronco and, pursuant to its terms, when payments were not paid, the bank repossessed and sold the vehicle, crediting the account with the proceeds of the sale. This suit for the deficiency followed.

The bank was granted default judgment against Herbert Jr. for $6,610.68 plus attorney fees and court costs. It moved for summary judgment against Evelyn in both her individual and fiduciary capacities, after the pleadings had been amended substituting her as a defendant in her capacity as administratrix of the estate of Herbert Sr., deceased. The trial court on April 1, 1983, entered an order denying the bank's motion for summary judgment and granting summary judgment in Evelyn's favor in both her capacities against the bank and dismissed its claims against her. This appeal is prosecuted from that order.

The only question on this appeal is did the bank give reasonable notification to Herbert Sr. and Evelyn of the time and place of the sale of the vehicle in question.

As in all summary judgment cases we must consider two questions: 1) Are there any genuine issues as to material facts; and, 2) is there entitlement to judgment as a matter of law. All considerations are loaded in favor of the non-movant. *Maggard v. McKelvey*, Ky.App., 627 S.W.2d 44 (1981); *Shah v. American Synthetic Rubber Corp.*, Ky., 655 S.W.2d 489 (1983).

The law with which we are concerned is primarily statutory. KRS 355.9–504 governs a secured party's right to dispose of collateral after default and in pertinent part (3) provides:

... reasonable notification of the time and place of any public sale ... shall be sent by the secured party to the debtor....

KRS 355.1–201 provides definitions for the chapter. It in pertinent parts provides:

(26) A person notifies or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person "receives" a notice or notification when

(a) it comes to his attention; or

(b) it is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications....

(38) "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances . . . .

In order to recover a deficiency judgment resulting from sale of collateral, all of the provisions of KRS 355.9–504 must be complied with. The burden is on the secured party to prove it acted with commercial reasonableness in accomplishing the sale. *Bank Josephine v. Conn*, Ky.App., 599 S.W.2d 773 (1980). This includes notification to the debtor of the sale.

Here there is no dispute concerning the facts. The bank mailed the notice in one envelope addressed to "Mr. and Mrs. Herbert H. Metcalfe, Sr." at the address indicated on the contract. However, they did not so sign the document. They signed it:

Herbert H. Metcalfe, Sr.

Evelyn Metcalfe

There was no indication in the instrument that they were married to each other. Appellants contend that addressing the notice in this manner was commercially reasonable and was reasonable notice. We disagree with respect to Evelyn individually.

Evelyn's affidavit that she did not reside at that address at the time of the notice and that she did not receive it nor was it forwarded to her, is not contradicted in the record. There is, however, nothing in the record to this effect concerning Herbert Sr.

We do not quarrel with the bank's argument that the fact that whether she did not actually live at that address or received the notice are immaterial, but the fact that she did not live at that address, coupled with the fact that there was only 1 envelope addressed to one address with 2 addressees, rendered it unlikely that such a notice to her would be forwarded to her in the mail as would have been the case if a separate notice and envelope had been addressed to her. We do not think it reasonable for the bank to assume that appellant and her husband were husband and wife, or that they would remain married or residents at the same address. The reasonable conduct for the bank to take would have been to mail 2 separate notices to Evelyn and Herbert Sr. By so doing, the appellant could then have reasonably assumed that, if one of these two persons was no longer living at the address appearing on the notice, the postal service would, by forwarding, transmit the correspondence to that person at his or her new address. Further, as pointed out by the appellee, notice is not imputed from one spouse to another. Compare, *Burton v. Dowell, Division of Dow Chemical Company*, Ky., 471 S.W.2d 708 (1971).

There being no genuine issue of material fact regarding the fact that the appellant bank did not meet its burden as to the commercial reasonableness of notice to Evelyn individually, the summary judgment in her behalf is affirmed.

The same is not true as to the notice to Herbert Metcalfe, Sr. There is no proof in the record to contradict that the notice was reasonably sent to him at his proper address, as defined in KRS 355.1–201(26) and (38), whether he actually received it or not. The crucial point to the issue of a notice being "reasonably sent" under the statute is the reasonable expectation that, if the notice is deposited in the mail, it could reasonably be anticipated it would be transmitted to the addressee even if the addressee had moved to a different address. As noted above, where the notice is sent to two addressees in one envelope to one address and one addressee has moved to a different address, the reasonable expectation of the usual forwarding transmission of the notice as contemplated by the statute is destroyed, but only as to the addressee who has moved. It could be reasonably anticipated that delivery would be made to the

addressee who remained at the address on the envelope. Since there was no evidentiary indication that Herbert Sr. had moved, the summary judgment entered in favor of Evelyn as administratrix of his estate was erroneous.

The summary judgment entered by the Ohio Circuit Court in favor of Evelyn Metcalfe, individually, is affirmed, and the summary judgment in favor of Evelyn Metcalfe as administratrix of the estate of Herbert Metcalfe, Sr. is stricken, and this case, with respect to the claim against the estate, is remanded to the Ohio Circuit Court for proceedings consistent with this opinion.

All concur.