Mark A. REXING and his wife, Donna J. Rexing, Appellants,

v.

DOUG EVANS AUTO SALES, INC., Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1986.

Charles W. Beacham, Henderson, Ky., for appellants.

John C. Morton, Henderson, Ky., for appellee.

Before COMBS, COOPER and MILLER, JJ.

COMBS, Judge.

This is an appeal from a summary judgment of the Henderson Circuit Court, granting appellee a deficiency judgment in its action against appellants for breach of an installment sales contract.

In September of 1983, appellants Mark and Donna Rexing purchased a 1979 Ford truck from appellee, Doug Evans Auto Sales, Inc. through an installment sales contract. The Rexings missed two payments some time before July of 1984, and appellee brought this action on the contract seeking the outstanding balance and requesting a judicial sale of the vehicle. The Rexings filed a signed, hand-written answer to appellee's complaint which was not served on appellee or its counsel. According to the answer, the Rexings tendered

the two delinquent payments to appellee on June 12, 1984, but appellee refused to accept the money and demanded the truck's return. The Rexings also alleged that they pre-paid three years insurance and were entitled to a partial refund of the insurance premium.

On September 14, 1984, appellee filed a motion for summary judgment and attached the affidavit of its attorney to the motion. The affidavit stated that appellee sold the truck to satisfy its lien after giving proper notice to the Rexings. The sale netted $5,350.00, and appellee prayed for a deficiency judgment of $1,241.02 plus interest at the rate of 21.20% from June 20, 1984 until paid in full.

In the meantime, the Rexings retained counsel to represent them in this action. Counsel opposed appellee's motion for summary judgment and requested permission to file an amended answer and counterclaim. The Rexings' amended answer and counterclaim alleged that appellee could not recover a deficiency judgment against them because it failed to dispose of the truck in a commercially reasonable manner as required by KRS Chapter 355.9–405 et seq. and KRS 330.020 et seq. They also alleged that appellee could not recover a deficiency judgment because the original installment sales contract charged a usurious rate of interest in violation of KRS 190.110 and 190.120. Finally, appellants' counsel objected to and moved to vacate the summary judgment on the grounds that appellee failed to serve the motion for summary judgment ten days prior to the hearing as required by CR 56.03.

The court granted summary judgment in favor of appellee, on the basis that the pleadings and counsel's affidavit established that there were no factual disputes and summary judgment was appropriate as a matter of law. The court refused to grant appellants a continuance to procure affidavits and ruled that their motion to amend the answer and counterclaim was moot.

■ Appellants allege that the trial court erred in granting appellee summary judgment because it was not entitled to summary judgment as a matter of law based on the pleadings and affidavit of counsel. In Kentucky, a secured party may recover a deficiency judgment from a defaulting debtor after selling the collateral. However, the secured party must first establish "it acted with commercial reasonableness in the holding and disposition of the collateral in question". *Bank Josephine v. Conn*, Ky.App., 599 S.W.2d 773, 774 (1980). A secured party which fails to establish the commercial reasonableness of its actions is estopped from securing a deficiency judgment against the debtor. *Id.* at 775. *See also* KRS 355.9–504.

■ In this case, appellee sought to recover a deficiency judgment from appellants following its sale of the Ford truck. However, the pleadings and affidavit do not contain any evidence or allegation as to how the sale was noticed or advertised, or who conducted the sale. There was no evidence as to how many parties appeared at the sale. In short, appellee did not even begin to carry its burden of proving that it conducted the sale of the truck in a commercially reasonable manner. The trial court clearly erred in granting appellee's summary judgment based on the pleadings and the affidavit in the record.

■ We also note that the trial court erred by insisting on hearing the summary judgment motion as scheduled. CR 56.03 requires a party to serve a motion for summary judgment on his opponent at least ten days prior to the hearing on the motion. In our opinion, a 'day' for purposes of CR 56.03 means a full twenty-four hour period. *See Drolenga v. Drolenga*, 288 Ky. 396, 156 S.W.2d 160 (1941). *See also* 306 Valentine's *Law Dictionary* (3rd ed. 1969).

■ In this case, appellee served appellants' counsel with the motion for summary judgment at 4:45 p.m. on September 14, 1984. The hearing was scheduled for 9:00 o'clock a.m. on September 24, 1984, less than ten full days after the motion was

served. We see no reason to permit appellee to circumvent the notice requirements of our Civil Rules by ambushing appellants with last minute motions and early morning hearings. The trial court erred in refusing to grant appellants a continuance.

We also fail to understand why the trial court refused to permit appellants to amend their answer and counterclaim. The issues raised in appellants' amended answer and counterclaim present serious material issues of fact and law which, in all fairness, the court should consider on the merits. On remand, we direct the trial court to permit appellants to file their amended answer and counterclaim.

The judgment of the Henderson Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.