**Bobby BAILEY, Appellant,**

**v.**

**NAVISTAR FINANCIAL CORPORA-TION (Formerly International Harvester Credit Corporation), Appellee.**

**and**

**NAVISTAR FINANCIAL CORPORA-TION (Formerly International Harvester Credit Corporation), Cross-Appellant,**

**v.**

**Bobby BAILEY, Cross–Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

As Modified on Denial of Rehearing May 23, 1986.

Ronald L. Hampton, Gillenwater Law Firm, PSC, Glasgow, for appellant/cross-appellee.

Winifred L. Bryant, Gess Mattingly Saunier & Atchison, Lexington, for appellee/cross-appellant.

Before COMBS, HOWERTON and WILHOIT, JJ.*

COMBS, Judge.

This is an appeal from a summary judgment of the Barren Circuit Court, granting appellee a deficiency judgment in its action against appellant for breach of an installment sales contract.

In April of 1981, appellant Bobby Bailey purchased a new International Harvester No. 986 tractor and accessories through an installment sales contract held by appellee International Harvester Credit Corporation. Bailey made a cash down payment of $8,500.00, and the contract called for yearly

---

* Judge Wilhoit was assigned to sit on the panel considering this case due to the departure of Judge White from the court.

payments of $10,057.00 on May 1st for the next four years.

Bailey failed to meet the first payment on May 1, 1982, and appellee granted him an extension of time for payment until October 1, 1982. When Bailey failed to pay the amount due on that date, appellee repossessed the tractor. On October 22, 1982, appellee allegedly sent Bailey a "notice of private sale" by ordinary mail. The notice informed Bailey that the tractor would be sold on or after November 2, 1982, at Lawson Implement Company unless the balance due under the contract was paid prior to that time. Bailey did not respond to the letter, and appellee subsequently sold the tractor at a public auction held at the Mammoth Caves stockyards on January 21, 1983. The tractor sold for $13,000.00.

Following the sale, appellee brought this action to recover a deficiency judgment for the outstanding principal amount of $18,997.25. The trial court concluded that there were no factual issues, and granted appellee summary judgment.

Bailey alleges that the trial court erred in granting appellee summary judgment, because appellee failed to send him notice of the public sale as required by KRS 355.9–504(3). Bailey also contends that the sale was not conducted in a commercially reasonable manner so that appellee is foreclosed from recovering a deficiency judgment against him.

■ In Kentucky, a secured party may recover a deficiency judgment from a defaulting debtor after selling the collateral. However, the secured party must first establish "it acted with commercial reasonableness in the holding and disposition of the collateral in question". *Bank Josephine v. Conn*, Ky.App., 599 S.W.2d 773, 774 (1980). A secured party which fails to establish the commercial reasonableness of its actions is estopped from obtaining a deficiency judgment against the debtor. *Id.* at 775. *See also* KRS 355.9–504.

In its motion for summary judgment, appellee contends that it sold the tractor in a commercially reasonable manner because it complied with the provisions of KRS 355.9–507(2). Under that section, a secured party's sale of collateral is deemed commercially reasonable if one of three conditions are met, as follows:

(1) The secured party sells the collateral in the usual manner in any recognized market.

(2) The secured party sells at the price current in such market at the time of his sale.

(3) The secured party sells in conformity with reasonable commercial practices among dealers in the type of property sold.

Appellee correctly argues that a sale which complies with KRS 355.9–507(2) is commercially reasonable as a matter of law. However, if the parties dispute the facts necessary to bring the sale within the statute, then those issues present questions of fact for the jury. In *Bank Josephine*, the court reached the same conclusion with regard to KRS 355.9–504, as follows:

In effect, [the secured party] argues that it complied with the language of KRS 355.9–504, and is entitled to a deficiency judgment as a matter of law. Yet, the question of whether [the secured party] complied with all the provisions of KRS 355.9–504 was a question of fact for the jury to determine. The jury had the right to determine whether all aspects of the notice and sale of the collateral, as well as [the secured party's] safeguarding it, were commercially reasonable. Furthermore, we believe [the secured party], rather than [the debtor], had the burden of proving that it had, in fact, acted with commercial reasonableness.

■ Like the secured party in *Bank Josephine*, appellee bore the burden of proving that it conducted the sale in a commercially reasonable manner. Had appellee merely alleged that the sale was commercially reasonable, then we would conclude that appellee failed to carry its burden of proof under the statute. However, appellee's motion for summary judgment includ-

ed supporting documents showing the following undisputed facts:

(1) A disinterested third party appraised the collateral at $12,000 retail and $10,-000 wholesale.

(2) Appellee entered the tractor in a large equipment auction with a minimum bid of $13,000.

(3) The auction was heavily advertised by a mass mailing as well as radio and TV spots.

(4) The auction was attended by wholesale and retail customers.

(5) This type of auction is a recognized market for the sale of farm equipment.

(6) The collateral sold for $13,000.

Based on these undisputed facts, we have no trouble concluding that the sale itself was commercially reasonable as a matter of law. *See School Supply Co. v. First National Bank,* Ky.App., 685 S.W.2d 200 (1984).

■ However, a genuine issue of fact exists as to whether appellee sent appellant notice of the public sale as required by KRS 355.9–504. Under KRS 355.9–507, appellee must also establish that it sent appellant commercially reasonable notice of the January 21, 1983, public sale because "every aspect of the disposition ... must be commercially reasonable" to support a deficiency judgment. KRS 355.9–504(3); *Bank Josephine v. Conn,* 599 S.W.2d at 773.

The burden is on the creditor-seller to prove that the notice was sent in a commercially reasonable manner, and the appellee did this by presenting testimony that the notice was sent by ordinary mail. This bare assertion is not final, conclusive, and irrefutable, however, especially when no one testifies from any personal knowledge that the notice was positively mailed by any particular person.

While receipt of the notice of sale is not essential for compliance with the statute, the appellant, Bailey, countered the appellee's proof by swearing that the "mailed" notice was never received by him. Ordinarily, ordinary mail is received if properly addressed and posted, and failure to re-

ceive the mail is some evidence that the item was not mailed or at least that it was not reasonably and properly mailed.

This case does not involve a somewhat disinterested governmental unit, as was the situation in *Koscot Interplanetary, Inc. v. Commonwealth of Kentucky,* Ky., 649 S.W.2d 201 (1983). Here, we have an interested creditor and an interested debtor which provides even more reason to allow factual disputes to be decided by the trier of fact. If this case was to be a bench trial, the trial court could decide which party to believe and enter its judgment. However, since a jury is to decide this case, we believe that reasonable minds could differ on the question of whether notice was sent. Summary judgment was therefore improper.

The purpose of pre-sale notice is to give the debtor sufficient time to protect his interest in the collateral by participating in the sale, or by taking appropriate steps to oppose the sale. *See* KRS 355.9–504, Kentucky Commentary to subsection (3). Here, Bailey alleged that he would have participated in or opposed the sale, and there is no evidence that his interests were protected by any other person or that he was not damaged by lack of notice. Under the circumstances, the trial court erred in granting appellee summary judgment.

The judgment of the Barren Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.