RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1272-MR

MARION PUCKETT                                                          APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE HOWARD KEITH HALL, JUDGE
ACTION NO. 19-CI-00442

U.S. BANK, N.A.                                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND McNEILL, JUDGES.

ACREE, JUDGE:  Appellant, Marion Puckett, appeals an order of the Pike Circuit

Court awarding summary judgment in favor of Appellee, U.S. Bank National

Association.  Puckett challenges the circuit court's determination that no genuine

dispute of material fact existed as to the commercial reasonableness of the sale of

his repossessed manufactured home.  We reverse and remand.

## BACKGROUND

U.S. Bank did not file a brief in this appeal. Under RAP[1] 31, our options are as follows: "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." RAP 31(H)(3). We choose to exercise the first option and will take the facts and issues as presented in Puckett's brief as correct.

Puckett purchased a manufactured home in 1999 for $35,192.00. He paid a $3,500.00 down payment and financed the remainder. Puckett was obligated to pay $300.04 per month at nearly 11% interest. The manufactured home served as collateral on the loan. Puckett defaulted on his loan obligation fourteen years later.

Puckett was unable to remedy the default and redeem his property, so the manufactured home was repossessed on or about March 23, 2016. Somehow, the unpaid balance after fourteen years was $29,405.89. Puckett was charged a $3,456.53 repossession fee.

Though U.S. Bank claimed before the circuit court that it sent Puckett a notice of repossession dated March 23, 2016, Puckett denies receiving it. Puckett

---

[1] Kentucky Rules of Appellate Procedure.

avers that, though the notice purports to include Appellee's plan to sell the home, the only information of that kind included in the notice is that the property would be sold by private sale at some date ten days from the notice date.

The manufactured home was sold via private sale shortly thereafter. The sale was finalized on April 22, 2016. The property was sold for $3,500. As Puckett states, the notice of sale dated April 30, 2016 contains scant description of the manner of the sale. It makes no reference to any appraisal, offers from buyers, place or time of sale, how the property was advertised to be sold, sales prices of comparable mobile homes, or whether the property had been adequately prepared to be sold. Puckett claims he did not receive the notice of sale. U.S. Bank subjected Puckett to an additional $3,795.52 in holding, disposition, and processing expenses.

U.S. Bank filed suit against Puckett. In his Answer, Puckett argued U.S. Bank did not satisfy its burden of proving the sale of the collateral was performed in a commercially reasonable manner. Following some discovery, U.S. Bank's lawsuit was dismissed for failure to prosecute in July 2021. U.S. Bank asserted it did not receive notice of the dismissal order and the circuit court set the dismissal aside.

U.S. Bank then filed its motion for summary judgment. In his response, Puckett continued to challenge the sale as commercially unreasonable.

The circuit court heard the motion without counsel for Puckett present. The circuit court signed what appears to be a tendered order, finding that no genuine issues of material fact existed, and U.S. Bank was entitled to judgment as a matter of law. Puckett now appeals.

## ANALYSIS

We review a trial court's decision granting summary judgment to determine "whether the record, when examined in its entirety, shows there is 'no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (quoting CR[2] 56.03). Summary judgment "is to be cautiously applied"; the trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons*, 327 S.W.3d at 448 (citations omitted).

---

[2] Kentucky Rules of Civil Procedure.

KRS 355.9-610 enables a secured party to "sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing" in the event the debtor defaults on the loan. KRS 355.9-610(1). However, "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." KRS 355.9-610(2). The mere fact that the property could have been sold for a greater amount does not mean the disposition was commercially unreasonable. KRS 355.9-627(1). Rather, a disposition is commercially reasonable if it was made:

> (a) In the usual manner on any recognized market;
>
> (b) At the price current in any recognized market at the time of the disposition; or
>
> (c) Otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.

KRS 355.9-627(2). If the debtor raises the issue of the secured party's noncompliance with applicable statutory provisions related to the transaction – including the obligation to dispose of the collateral in a commercially reasonable manner – then the burden of demonstrating otherwise falls on the secured party. KRS 355.9-626(1)(b).

In *Bank Josephine v. Conn*, the absence of several items of evidence supported a finding that a secured creditor acted in a commercially unreasonable

manner when it disposed of collateral. 599 S.W.2d 773, 775 (Ky. App. 1980).

The secured party had failed to introduce substantial evidence of how the sale was

noticed or advertised, where any such notices were placed, or whether the sale had

been posted in the newspaper. *Id.* Similarly, in *Rexing v. Doug Evans Auto Sales,*

*Inc.*, the secured party presented no evidence or allegation as to how the sale was

noticed or advertised, who conducted the sale, or how many parties attended the

sale. 703 S.W.2d 491, 493 (Ky. App. 1986). This Court determined the secured

party "did not even begin to carry its burden of proving" the commercial

reasonableness of the sale. *Id.*

Taking Puckett's facts presented in his brief as true, the commercial

reasonableness of the sale of the manufactured home is a genuine issue of material

fact. Therefore, summary judgment was improper. As Puckett states in his brief,

U.S. Bank's assertions in support of the commercial reasonableness of the sale are

that it sent notices of the sale, that the notices were received, and that the secured

property was sold at a private sale. According to Puckett, U.S. Bank did not

produce evidence as to how or where the sale was advertised, how many attended

the sale, or any other evidence to demonstrate the sale was commercially

reasonable.

U.S. Bank had the opportunity to file its own brief and direct us to

evidence in the record demonstrating it indeed met its burden of demonstrating the

manufactured home was sold in a commercially reasonable manner. For whatever reason, U.S. Bank did not. Therefore, taking Puckett's statement of facts as correct, the circuit court erred in granting summary judgment for U.S. Bank.

## **CONCLUSION**

Based on the foregoing, we reverse the Pike Circuit Court's September 26, 2022 order granting summary judgment and remand for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Lawrence R. Webster
Pikeville, Kentucky